DAVID K. FIVESON, ESQ. (DF 2936)
BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
Attorneys for Plaintiff
350 Fifth Avenue
Suite 6215
New York, New York   10118
(212) 615-2200
(212) 615-2215 (Fax)
dfiveson@bffmlaw.com (e-mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROMEO & JULIETTE LASER HAIR REMOVAL, INC.,
d/b/a ROMEO & JULIETTE HAIR REMOVAL,

               Plaintiff,                                    **COMPLAINT**

   -against-                                                       08 Civ. 0442 (TPG)

ASSARA I LLC., d/b/a ASSARA LASER CENTER NYC,    ECF CASE
ASSARA LASER and MANHATTAN LASER HAIR
REMOVAL, JAY SHUMAN a/k/a JEROME SHUMAN,
WILL SHUMAN and DR. SAM TAYER,

               Defendants.
------------------------------------------------------------------------X

       Plaintiff Romeo & Juliette Laser Hair Removal, Inc., by its attorneys Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, for its complaint against defendants states as follows:

### I.   PARTIES

    1.    Romeo & Juliette Laser Hair Removal, Inc. d/b/a Romeo & Juliette Hair Removal ("Plaintiff") is a domestic corporation organized under the laws of the State of New York.  Plaintiff maintains its principal place of business in the City, County and State of New York and does business as Romeo & Juliette Hair Removal.

2. Defendant Assara I., LLC ("Assara") is a limited liability corporation organized under the laws of the State of New York and maintains its principal place of business in the City, County and State of New York. Assara does business in the City of New York as Assara Laser, Assara Laser Center NYC and Manhattan Laser Hair Removal.

3. Defendant Jay Shuman a/k/a Jerome Shuman is a principal of Assara and is a citizen of the State of New York.

4. Defendant Will Shuman is a principal of Assara and is a citizen of the State of New York.

5. Defendant Dr. Sam Tayer is a principal of Assara and is a citizen of the State of New York.

## II.   JURISDICTION AND VENUE

6. This is an action for violation of 15 USC § 114; 15 USC § 1125(a); and 15 USC § 1125(c), and for related claims under New York State law, including NY GBL § 349 and common law claims of trademark infringement and unfair competition.

7. This Court has jurisdiction over the Federal Statute claims pursuant to 15 USC § 1121 and 28 USC § 1338.

8. This Court has jurisdiction over the related and pendant New York State claims pursuant to 28 USC § 1331.

9. Venue is proper in this judicial district under 28 USC § 1391 because plaintiff maintains its offices within this judicial district.

## III.   JURY DEMAND

10. Plaintiff demands a jury for all issues triable as such.

## IV. OPERATIVE FACTS

11. For many years Plaintiff has maintained a successful business offering amongst various services, laser hair removal to its clients and the general public under the trade mark Romeo & Juliette Hair Removal in the New York City area.

12. Plaintiff has for many years expended considerable sums of money, as well as the time and effort of its employees and agents, to market its name and marks "Romeo & Juliette" and "Romeo & Juliette Laser" to advertise, and to create websites, all of which present Plaintiff and the services it provides in a favorable light to promote sales and services to customers.

13. The defendants engage in a competing laser hair removal business to that of plaintiff, in the New York City Area.

14. In the Fall of the 2007, defendants purchased, or did cause to have purchased, the search phrase "Romeo & Juliette" from the internet search engine company Google Inc.

15. As a result thereof, when the general public would type or search on the internet the Plaintiff's trademark "Romeo & Juliette", a sponsored link Assara advertisement acquired by the defendants would appear.

16. The sponsored link Assara advertisement of the defendants contained the phrase "Romeo and Juliette Laser" and when the "Romeo and Juliette Laser" link was entered, it would direct customers to Assara's website owned and operated by solely the defendants, as opposed to the plaintiff's website.

3

17. In addition to the foregoing, the defendants on its website used Plaintiff's name and mark "Romeo Juliette Laser" in hidden links and texts on Assara websites; there by deceiving the public that plaintiff was the sponsor or origin of the laser hair removal services offered by defendants.

18. The use of Plaintiff's name and marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" by the defendants in connection with Assara's competing business was deliberate and intentional.

19. The aforesaid conduct of the defendants was specifically initiated to divert consumers and customers of Plaintiff's business to that of the defendants.

20. The defendants' use of the phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser", was without consent of the Plaintiff.

21. The defendants' use of the phrase or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" in connection with their competing business has damaged and will continue to damage Plaintiff's business and reputation by means of lost sales and diminution of goodwill and business reputation.

22. The defendants' use of the phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" in connection with their competing business did cause, and is likely to continue to cause, confusion, mistake, has and will deceive third-parties as to the affiliation, connection or association of defendants with Plaintiff and as to whether or not Plaintiff has anything to do with the origin, sponsorship, services or other commercial activities of the defendants.

23. The defendants' aforesaid use of the phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" misrepresented the nature,

characteristics qualities and/or geographic origin or of defendants' services and commercial activities.

### VI.    COUNT ONE – VIOLATION OF 15 USC § 1114

24.    Plaintiff restates paragraphs 1 through 23.

25.    Defendants' use of the phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" and their linkage of it to Assara's website is a violation of 15 USC § 1114(1)(a) in that the defendants have without the consent of Plaintiff used in commerce a reproduction, counterfeit, copy, or colorable imitation of the Plaintiff's mark in connection with the sale, offering for sale, distribution or advertising of goods and services provided by defendants. Defendants have used the imitation "Romeo & Juliette" in such a manner as is likely to cause confusion, mistake, or deceive customers and consumers.

26.    Defendants' use of phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" and their linkage of it to Assara's website is a violation of 15 USC § 1114(1)(b) in that defendants have, without the consent of Plaintiff used in commerce a counterfeit, copy, or colorable imitation of the mark of Plaintiff and applied such counterfeit, copy, or colorable imitation to advertisements intended to be used in commerce, in connection with the sale, offering for sale, distribution or advertising of goods or services. Defendants have used the imitation "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" in such a manner as is likely to cause confusion, mistake or to deceive.

27.    Defendants' acts as aforesaid were committed with knowledge that the imitation was intended to be used to cause confusion, mistake or to deceive.

28.    Plaintiff is entitled to the recovery of damages from defendants jointly and severally pursuant to 15 USC § 1117. Damages recoverable are the actual damages sustained by

Plaintiff, defendants profits and the costs of the action, together with Plaintiff's attorneys' fees or in the alternative, damages in such sum as the Court may find to be just according to the circumstances of the case.

### VII.   COUNT TWO – VIOLATION 15 USC § 1125(a)

29.   Plaintiff restates paragraphs 1 through 23.

30.   Defendants have violated 15 USC § 1125(a) in that they have on or in connection with Assara's goods or services, used the phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" which represent a false destination of origin, false or misleading description and/or a misrepresentation of fact likely to cause confusion, mistake or deceive as to the affiliation, connection or association of Assara with Plaintiff, and which is likely to cause confusion, mistake or deceive as to whether Plaintiff has anything to do with the origin, sponsorship, or approval of the goods, services or commercial activities of Assara.

31.   Defendants have similarly violated 15 USC § 1125(a) in that their commercial advertising or promotion using "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" misrepresent the nature, characteristics, qualities, and/or geographic origin of Assara's goods, services, or commercial activities.

32.   Plaintiff is entitled to the recovery of damages from Defendants jointly and severally, pursuant to 15 USC § 1125(a). Damages include, the actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorneys' fees. In the alternative, plaintiff is entitled to recover damages in such sums as the Court may find just according to the circumstances of the case.

### VIII.  COUNT THREE - VIOLATION OF 15 USC § 1125(c)

33. Plaintiff restates paragraphs 1 through 23.

34. Defendants' use of the phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" has caused and continues to cause dilution of the distinctive quality of Plaintiff's mark. Defendants' use of "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" is a violation of 15 USC § 1125(c), Plaintiff's mark being distinctive and famous within the meaning of the statute and Defendants' use of "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" in commerce having begun after Plaintiff's mark became distinctive and famous.

35. Defendants willfully intended to trade on Plaintiff's reputation and/or cause dilution of Plaintiff's mark by their use of the phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser".

36. Plaintiff is entitled to the recovery of damages from Defendants jointly and severally, pursuant to 15 USC § 1117(a). Damages recoverable are actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case.

### IX.  COUNT FOUR - VIOLATION OF NY GBL § 349

37. Plaintiff restates paragraphs 1 through 23.

38. By engaging in the acts and practices described above, the defendants repeatedly and pertinently engaged in deceptive business practices in violation of NY GBL § 349.

39.  Plaintiff is entitled to recover actual damages sustained by the Plaintiff, the costs of the action together with Plaintiffs reasonable attorneys' fees. In the alternative Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case.

## X.  COUNT FIVE - COMMON LAW CLAIMS OF TRADEMARK INFRINGEMENT

40.  Plaintiff restates paragraphs 1 through 23.

41.  By engaging in the acts and practices described above, the defendants violated New York common law pertaining to trademarks.

42.  Plaintiff is entitled to recover under New York Common law actual damages sustained by the Plaintiff, the defendants' profits, and the costs of the action together with Plaintiff's reasonable attorneys' fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the Court may find just according to the circumstances of the case.

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

a.  With respect to the First Claim under 15 USC § 1114, actual damages, profits of the defendants, costs of action, together with reasonable attorney's fees,

b.  With respect to the Second Claim under 15 USC § 1125(a), actual damages, profits of the defendants, costs of action, together with reasonable attorney's fees,

c.  With respect to the Third Claim under 15 USC § 1125(c), actual damages, profits of the defendants, costs of action, together with reasonable attorney's fees,

d.  With respect to the Fourth Claim under New York GBL § 349, actual damages, profits of the defendants, costs of action, together with reasonable attorney's fees,

e.  With respect to the Fifth Claim under New York Common Law, actual damages, profits of the defendants, costs of action, together with reasonable attorneys' fees; and

f.  Such other and further relief to which plaintiff may be deemed entitled.

Dated: New York, New York
January 17, 2008

>BUTLER, FITZGERALD, FIVESON
>  & McCARTHY
>A Professional Corporation
>Attorneys for Plaintiff
>
>By: _____
>David K. Fiveson (DF 2936)
>350 Fifth Avenue
>Suite 6215
>New York, New York 10118
>(212) 615-2200