DAVID K. FIVESON, ESQ. (DF 2936)
BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
Attorneys for Plaintiff
36 West 44th Street, Suite 816
New York, New York  10036
(212) 615-2200
(212) 615-2215 (Fax)
dfiveson@bffmlaw.com (e-mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ROMEO & JULIETTE LASER HAIR REMOVAL, INC.,
d/b/a ROMEO & JULIETTE HAIR REMOVAL,

      Plaintiff,

     -against-

ASSARA I LLC., d/b/a ASSARA LASER CENTER NYC,
ASSARA LASER and MANHATTAN LASER HAIR
REMOVAL, JAY SHUMAN a/k/a JEROME SHUMAN,
WILL SHUMAN and DR. SAM TAYER,

      Defendants.
-----------------------------------------------------------------------X

08 Civ. 0442 (TPG)

**AFFIRMATION IN
SUPPORT OF
PLAINTIFF'S MOTION
FOR PARTIAL
SUMMARY
JUDGMENT**

ECF CASE

    DAVID K. FIVESON, an attorney admitted to practice before this Court and the

Courts of the State of New York, affirms under the penalties of perjury, as follows:

    1.  I am a member of the Bar of this Court and a principal of the firm of

Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, attorneys for plaintiff.  I

have knowledge of the facts stated herein.  I make this affirmation in support of the motion of

Plaintiff Romeo & Juliette Laser Hair Removal, Inc., d/b/a Romeo & Juliette Hair Removal

("Romeo & Juliette" or "Plaintiff"), pursuant to Fed R. Civ. P. 56(a), for partial summary

judgment (i) awarding plaintiff judgment against defendants Assara I, LLC, d/b/a Assara Laser

Center NYC, Assara Laser and Manhattan Laser Hair Removal ("Assara"), Jay Shuman a/k/a

Jerome Shuman, Will Shuman and Dr. Sam Tayer (collectively with Assara, the "Assara

Defendants") on the issue of liability on each of the claims in the Complaint, (ii) ordering a

schedule to conduct discovery on the issue of damages, and (iii) issuing a permanent injunction

prohibiting any of the Assara Defendants, or any of their agents or employees, or any

organization owned, operated, or affiliated with, any of the Assara Defendants, from referring in

their advertising or on their websites to Romeo& Juliette's trade name, anything similar to or

incorporating any part of Romeo & Juliette's trade name, and trademark or product names used

by Plaintiff on its website to market its services to the consumer public.  I also make this

affirmation in opposition to the putative motion by the Assara Defendants for an order, pursuant

to Fed. R. Civ. P. Rule 12(b)(6), dismissing the Complaint.

   2.  Annexed hereto as Exhibit A is a copy of plaintiff's complaint.

   3.  Annexed hereto as Exhibit B is a copy of a set of papers served by the

Assara Defendants in support of a proposed motion to dismiss the complaint.

   4.  After receiving the proposed motion, my office informed the Court and

counsel for the Assara Defendants that Plaintiff did not have any objection to the Assara

defendants making the proposed motion, although we informed the Court that we thought such

motion was baseless and should not be made.  The Assara Defendants, however, have neither

served an Answer to the Complaint nor served the promised motion.

   5.  For reasons set forth in the accompanying memorandum of law, I

respectfully request that the Court regard defendants' putative motion to dismiss as an answer

denying the allegations in the Complaint and that the Court grant in all respects Plaintiff's

motion for partial summary judgment.

Dated: New York, New York
       June 4, 2008

_____
DAVID K. FIVESON

# EXHIBIT A

DAVID K. FIVESON, ESQ. (DF 2936)
BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
Attorneys for Plaintiff
350 Fifth Avenue
Suite 6215
New York, New York 10118
(212) 615-2200
(212) 615-2215 (Fax)
dfiveson@bffmlaw.com (e-mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROMEO & JULIETTE LASER HAIR REMOVAL, INC.,
d/b/a ROMEO & JULIETTE HAIR REMOVAL,

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | 08 Civ. 0442 (TPG) |
| ASSARA I LLC, d/b/a ASSARA LASER CENTER NYC, ASSARA LASER and MANHATTAN LASER HAIR REMOVAL, JAY SHUMAN a/k/a JEROME SHUMAN, WILL SHUMAN and DR. SAM TAYER, | ECF CASE |
| Defendants. |  |

------------------------------------------------------------------------X

Plaintiff Romeo & Juliette Laser Hair Removal, Inc., by its attorneys Butler,

Fitzgerald, Fiveson & McCarthy, A Professional Corporation, for its complaint against

defendants states as follows:

## I.    PARTIES

1.    Romeo & Juliette Laser Hair Removal, Inc. d/b/a Romeo & Juliette Hair

Removal ("Plaintiff") is a domestic corporation organized under the laws of the State of New

York. Plaintiff maintains its principal place of business in the City, County and State of New

York and does business as Romeo & Juliette Hair Removal.

2.      Defendant Assara I., LLC ("Assara") is a limited liability corporation organized under the laws of the State of New York and maintains its principal place of business in the City, County and State of New York.  Assara does business in the City of New York as Assara Laser, Assara Laser Center NYC and Manhattan Laser Hair Removal.

3.      Defendant Jay Shuman a/k/a Jerome Shuman is a principal of Assara and is a citizen of the State of New York.

4.      Defendant Will Shuman is a principal of Assara and is a citizen of the State of New York.

5.      Defendant Dr. Sam Tayer is a principal of Assara and is a citizen of the State of New York.

## II.    JURISDICTION AND VENUE

6.      This is an action for violation of 15 USC § 114; 15 USC § 1125(a); and 15 USC § 1125(c), and for related claims under New York State law, including NY GBL § 349 and common law claims of trademark infringement and unfair competition.

7.      This Court has jurisdiction over the Federal Statute claims pursuant to 15 USC § 1121 and 28 USC § 1338.

8.      This Court has jurisdiction over the related and pendant New York State claims pursuant to 28 USC § 1331.

9.      Venue is proper in this judicial district under 28 USC § 1391 because plaintiff maintains its offices within this judicial district.

## III.    JURY DEMAND

10.      Plaintiff demands a jury for all issues triable as such.

2

## IV.    OPERATIVE FACTS

11.    For many years Plaintiff has maintained a successful business offering

amongst various services, laser hair removal to its clients and the general public under the trade

mark Romeo & Juliette Hair Removal in the New York City area.

12.    Plaintiff has for many years expended considerable sums of money, as

well as the time and effort of its employees and agents, to market its name and marks "Romeo &

Juliette" and "Romeo & Juliette Laser" to advertise, and to create websites, all of which present

Plaintiff and the services it provides in a favorable light to promote sales and services to

customers.

13.    The defendants engage in a competing laser hair removal business to that

of plaintiff, in the New York City Area.

14.    In the Fall of the 2007, defendants purchased, or did cause to have

purchased, the search phrase "Romeo & Juliette" from the internet search engine company

Google Inc.

15.    As a result thereof, when the general public would type or search on the

internet the Plaintiff's trademark "Romeo & Juliette", a sponsored link Assara advertisement

acquired by the defendants would appear.

16.    The sponsored link Assara advertisement of the defendants contained the

phrase "Romeo and Juliette Laser" and when the "Romeo and Juliette Laser" link was entered, it

would direct customers to Assara's website owned and operated by solely the defendants, as

opposed to the plaintiff's website.

3

17.    In addition to the foregoing, the defendants on its website used Plaintiff's name and mark "Romeo Juliette Laser" in hidden links and texts on Assara websites; there by deceiving the public that plaintiff was the sponsor or origin of the laser hair removal services offered by defendants.

18.    The use of Plaintiff's name and marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" by the defendants in connection with Assara's competing business was deliberate and intentional.

19.    The aforesaid conduct of the defendants was specifically initiated to divert consumers and customers of Plaintiff's business to that of the defendants.

20.    The defendants' use of the phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser", was without consent of the Plaintiff.

21.    The defendants' use of the phrase or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" in connection with their competing business has damaged and will continue to damage Plaintiff's business and reputation by means of lost sales and diminution of goodwill and business reputation.

22.    The defendants' use of the phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" in connection with their competing business did cause, and is likely to continue to cause, confusion, mistake, has and will deceive third-parties as to the affiliation, connection or association of defendants with Plaintiff and as to whether or not Plaintiff has anything to do with the origin, sponsorship, services or other commercial activities of the defendants.

23.    The defendants' aforesaid use of the phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" misrepresented the nature,

4

characteristics qualities and/or geographic origin or of defendants' services and commercial activities.

## VI.    COUNT ONE – VIOLATION OF 15 USC § 1114

24.    Plaintiff restates paragraphs 1 through 23.

25.    Defendants' use of the phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" and their linkage of it to Assara's website is a violation of 15 USC § 1114(1)(a) in that the defendants have without the consent of Plaintiff used in commerce a reproduction, counterfeit, copy, or colorable imitation of the Plaintiff's mark in connection with the sale, offering for sale, distribution or advertising of goods and services provided by defendants. Defendants have used the imitation "Romeo & Juliette" in such a manner as is likely to cause confusion, mistake, or deceive customers and consumers.

26.    Defendants' use of phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" and their linkage of it to Assara's website is a violation of 15 USC § 1114(1)(b) in that defendants have, without the consent of Plaintiff used in commerce a counterfeit, copy, or colorable imitation of the mark of Plaintiff and applied such counterfeit, copy, or colorable imitation to advertisements intended to be used in commerce, in connection with the sale, offering for sale, distribution or advertising of goods or services. Defendants have used the imitation "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" in such a manner as is likely to cause confusion, mistake or to deceive.

27.    Defendants' acts as aforesaid were committed with knowledge that the imitation was intended to be used to cause confusion, mistake or to deceive.

28.    Plaintiff is entitled to the recovery of damages from defendants jointly and severally pursuant to 15 USC § 1117. Damages recoverable are the actual damages sustained by

Plaintiff, defendants profits and the costs of the action, together with Plaintiff's attorneys' fees or in the alternative, damages in such sum as the Court may find to be just according to the circumstances of the case.

### VII.    COUNT TWO – VIOLATION 15 USC § 1125(a)

29.    Plaintiff restates paragraphs 1 through 23.

30.    Defendants have violated 15 USC § 1125(a) in that they have on or in connection with Assara's goods or services, used the phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" which represent a false destination of origin, false or misleading description and/or a misrepresentation of fact likely to cause confusion, mistake or deceive as to the affiliation, connection or association of Assara with Plaintiff, and which is likely to cause confusion, mistake or deceive as to whether Plaintiff has anything to do with the origin, sponsorship, or approval of the goods, services or commercial activities of Assara.

31.    Defendants have similarly violated 15 USC § 1125(a) in that their commercial advertising or promotion using "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" misrepresent the nature, characteristics, qualities, and/or geographic origin of Assara's goods, services, or commercial activities.

32.    Plaintiff is entitled to the recovery of damages from Defendants jointly and severally, pursuant to 15 USC § 1125(a). Damages include, the actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorneys' fees. In the alternative, plaintiff is entitled to recover damages in such sums as the Court may find just according to the circumstances of the case.

6

VIII.   **COUNT THREE - VIOLATION OF 15 USC § 1125(c)**

33.     Plaintiff restates paragraphs 1 through 23.

34.     Defendants' use of the phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" has caused and continues to cause dilution of the distinctive quality of Plaintiff's mark. Defendants' use of "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" is a violation of 15 USC § 1125(c), Plaintiff's mark being distinctive and famous within the meaning of the statute and Defendants' use of "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser" in commerce having begun after Plaintiff's mark became distinctive and famous.

35.     Defendants willfully intended to trade on Plaintiff's reputation and/or cause dilution of Plaintiff's mark by their use of the phrases or marks "Romeo & Juliette", "Romeo and Juliette Laser" and "Romeo Juliette Laser".

36.     Plaintiff is entitled to the recovery of damages from Defendants jointly and severally, pursuant to 15 USC § 1117(a). Damages recoverable are actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case.

IX.   **COUNT FOUR - VIOLATION OF NY GBL § 349**

37.     Plaintiff restates paragraphs 1 through 23.

38.     By engaging in the acts and practices described above, the defendants repeatedly and pertinently engaged in deceptive business practices in violation of NY GBL § 349.

39.    Plaintiff is entitled to recover actual damages sustained by the Plaintiff, the costs of the action together with Plaintiffs reasonable attorneys' fees. In the alternative Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case.

## X.    COUNT FIVE - COMMON LAW CLAIMS OF TRADEMARK INFRINGEMENT

40.    Plaintiff restates paragraphs 1 through 23.

41.    By engaging in the acts and practices described above, the defendants violated New York common law pertaining to trademarks.

42.    Plaintiff is entitled to recover under New York Common law actual damages sustained by the Plaintiff, the defendants' profits, and the costs of the action together with Plaintiff's reasonable attorneys' fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the Court may find just according to the circumstances of the case.

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

a.    With respect to the First Claim under 15 USC § 1114, actual damages, profits of the defendants, costs of action, together with reasonable attorney's fees,

b.    With respect to the Second Claim under 15 USC § 1125(a), actual damages, profits of the defendants, costs of action, together with reasonable attorney's fees,

c.    With respect to the Third Claim under 15 USC § 1125(c), actual damages, profits of the defendants, costs of action, together with reasonable attorney's fees,

d.    With respect to the Fourth Claim under New York GBL § 349, actual damages, profits of the defendants, costs of action, together with reasonable attorney's fees,

8

e.      With respect to the Fifth Claim under New York Common Law, actual

damages, profits of the defendants, costs of action, together with reasonable attorneys' fees; and

f.      Such other and further relief to which plaintiff may be deemed entitled.

Dated: New York, New York
       January 17, 2008

BUTLER, FITZGERALD, FIVESON
   & McCARTHY
A Professional Corporation
Attorneys for Plaintiff


By: _____
      David K. Fiveson (DF 2936)
350 Fifth Avenue
Suite 6215
New York, New York 10118
(212) 615-2200

9

# EXHIBIT B

WILL SHUMAN, Bar No. [_____]
Attorney for Defendant and Counterclaimant
Assara I LLC
235 West 48th Street
Apartment 29D
New York, NY 10036
Telephone:    646.964.5204
will@assaralaser.com (e-mail)

MAR 0 7 2008

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____x

ROMEO & JULIETTE LASER HAIR
REMOVAL, INC. d/b/a ROMEO &
JULIETTE HAIR REMOVAL,

        Plaintiff,

        -against-

ASSARA I LLC, d/b/a ASSARA LASER
CENTER NYC, ASSARA LASER, et al.,

        Defendants.

_____x

**[PROPOSED]**
**NOTICE OF MOTION TO**
**DISMISS**

08 Civ. 0442 (TPG)

ECF CASE

**NOTICE OF MOTION TO DISMISS**

PLEASE TAKE NOTICE THAT upon the accompanying Defendants'

Memorandum of Law in Support of Motion to Dismiss, and upon all prior pleadings and

proceedings herein.  Defendants hereby move this Court on Tuesday, March 25, 2008, at

11:00, before the Honorable Thomas P. Grisea, United States District Judge, at the

United States Court, 500 Pearl Street, New York, New York, for an Order dismissing in

its entirety plaintiff's complaint, with prejudice, for failure to state a claim pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure and granting such other and further

relief as the Court deems just and proper.

1

WHEREFORE, Defendants request an Order granting their motion to dismiss the

Plaintiff's complaint, in its entirety, for failure to state a claim and for any such further

relief as this Court may deem just and proper.


DATED:     New York, New York          WILL SHUMAN,
               March ___, 2008               *counsel for defendants*


                                       _____

                                       235 West 48th Street
                                       Apartment 29D
                                       New York, NY 10036

WILL SHUMAN, Bar No. [_____]
Attorney for Defendant and Counterclaimant
Assara I LLC
235 West 48th Street
Apartment 29D
New York, NY 10036
Telephone:    646.964.5204
will@assaralaser.com (e-mail)

MAR 0 7 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————x

ROMEO & JULIETTE LASER HAIR
REMOVAL, INC. d/b/a ROMEO &
JULIETTE HAIR REMOVAL,

    Plaintiff,

ASSARA I LLC, d/b/a ASSARA LASER
CENTER NYC, ASSARA LASER, et al.,

    Defendants.

—————————————————————x

**[PROPOSED]**
**Memorandum of Law in**
**Support of Defendants**
**Motion to Dismiss the**
**Complaint Pursuant to Fed.**
**R. Civ. P 12(b)(6)**

08 Civ. 0442 (TPG)

ECF CASE

    I, on behalf of defendant Assara I LLC (the "company") and defendants Jay

Shuman, Will Shuman and Dr. Sam Tayar (the "individuals" and collectively, with the

company, the "defendants"), respectfully submit this memorandum of law in support of

their motion for an Order dismissing the complaint in its entirety, with prejudice, for

failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P.

12(b)(6) and for insufficient service of process against defendant Tayar.

## ALLEGATIONS

The following recitation of the allegations of Romeo and Juliette Laser Hair

Removal ("Romeo") are made viewing the allegations in the light most favorable to the

plaintiffs and construing all allegations as true, as we must.[1]

Romeo is a company in New York which offers among other services laser hair

removal. (Compl. ¶¶ 1, 11). The defendants compete in the New York laser hair

removal services market. (Id., ¶ 13). In the Fall of 2007, the defendants purchased, or

caused another to have purchased, the search phrase "Romeo & Juliette" from the search

engine company Google Inc. (Id., ¶ 14). As a result when a person searched for laser hair

removal services by typing "Romeo & Juliette," on the Google search engine, Google

would display, on its adverting section called the "sponsored link," an advertisement by

the company. (Id., ¶ 16). These links (which must be accessed by a customer by actively

"clicking" with the mouse pointer) would direct customers to the company's website, as

opposed to Romeo's website, which is owned and operated by the company. (Id.).

Notably, Romeo does not, and could not, claim that the subject mark was

displayed on the company's website. (See Id.). Rather, Romeo claims (1) that the

"sponsored link Assara advertisement contained the subject mark;" and (2) that "the

defendants on its" website used Romeo's name and subject mark in "hidden links and

texts" on the company's websites; thereby "deceiving the public that plaintiff was the

---

[1] When considering a motion to dismiss a complaint under Rule 12(b)(6), a court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

sponsor or origin of the laser hair removal services offered by defendants." (Id., ¶ 18) (emphasis added).

Romeo states claims for trademark causes of action under 15 USC §§ 114, 1125(a), and 1125(c), and for related trademark claims under New York State law including NY GBL § 349 and common law claims of trademark infringement and unfair competition.

## ARGUMENT

Romeo's complaint should be dismissed in its entirety, with prejudice, against each of the individual defendants. Romeo makes no allegations that the individual defendants have taken any action in their individual capacities whatsoever under its purported trademark claims.[2] Romeo's remaining claims against the company should, similarly, be dismissed. As a matter of law, including precedents from the Second Circuit and this federal district Court, Romeo's civil action fails because it makes no allegations that the company defendant "used" the subject trademark within the meaning of the Lanham Act.

Further, Romeo's complaint should be dismissed with respect to defendant Tayar under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

## I. PLAINTIFF FAILS TO STATE A CLAIM AGAINST ANY OF THE INDIVIDUAL DEFENDANTS

Romeo makes no factual allegations of any action on the part of the individual defendants. Indeed, the crux of Romeo's claims is that the company defendant used its trademark in connection with laser hair removal internet search engine results. The

---

[2] With even stronger reason, Romeo could not seek to have this Court hold liable a company's principals, in their personal capacity, for the mere fact that they hold equity in the company.

3

complaint limits itself to making reference to the company's website, not a website owned directly by the individuals, as the website which uses the trademark that is the subject of this action.

## II.    ROMEO'S CLAIMS FAIL AS THEY MERELY ALLEGE PERMISSIBLE "INTERNAL USE"

### a.    Trademark and Designation of Origin Claims

Romeo makes no plausible allegation that the company places the subject mark on any goods, containers, displays or advertisements, or that its internal use is visible to the public. The company does not use the term "Romeo & Juliette" as a brand. Further, it is not selling any service using that term as an identifier to the public. Romeo has therefore failed to allege any factual basis for its claim that the company used plaintiff's trademark in any way that indicates source or origin.

Romeo tells a tale which is familiar to this Court: In Merck & Co., Inc. v. Mediplan Health Consulting, Inc., 425 F. Supp.2d 402, 415 (S.D.N.Y. 2006), this Court granted defendant's motion to dismiss trademark claims regarding defendants' purchase of the plaintiff's trademark "ZOCOR" as a keyword from internet search engines. The Court held that the defendants' purchase of the trademark was an "internal use" and did not constitute a "trademark use" because the defendants did not place the plaintiff's marks on "any goods or containers or displays or associated documents, or use them in any way to indicate source or sponsorship." Id.

"In order to prevail on a trademark infringement claim . . . a plaintiff must establish that (1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale or advertising of good and services, (5) without the plaintiff's consent." 1-800 Contacts,

4

Inc. v. WhenU, Inc., 414 F.3d 400 (2d Cir. 2005) (emphasis added). Further, "[n]ot only

are 'use,' 'in commerce,' and 'likelihood of confusion' three distinct elements of a

trademark infringement claim, but 'use' must be decided as a threshold matter because,

while any number of activities may be 'in commerce' or create a likelihood of confusion,

no such activity is actionable under the Lanham Act absent the 'use' of a trademark." Id.

at 412.

    "A 'trademark use' . . . is one indicating source or origin." Pirone v. MacMillan,

Inc., 894 F.2d 579, 583 (2d Cir. 1990). The Lanham Act defines such a use as occurring

in the context of services "when [the mark] is used or displayed in the sale or advertising

of services and the services are rendered in commerce." 15 USC § 1127.

    Romeo first complains that the Google Inc. sponsored link advertisement of the

company contained Romeo's mark, which was linked to the company's website. Google

Inc. however individually audits each campaign at its inception and each modification to

prevent this from occurring; such an action is, and has during all relevant periods of this

complaint, been prohibited (See http://adwords.google.com).

    Romeo next alleges that the company internally used on its website "hidden links

and texts," which would somehow "deceive the public that plaintiff was the sponsor or

origin of the laser hair removal services offered by defendants." Romeo, however,

cannot make any factual allegation that the public, which cannot view any "hidden" links

and texts, was deceived. The Second Circuit has spoken on this point of trademark

usage:

    A company's internal utilization of a trademark in a way that does
    not communicate it to the public is analogous to an individual's private
    thoughts about a trademark. Such conduct simply does not violate the
    Lanham Act, which is concerned with the use of the trademarks in

5

connection with the sale of goods or services in a manner likely to lead to consumer confusion as to the source of such goods or services. 1-800 Contacts, 414 F.3d at 409. This limitation fits within the purposes of trademark law: unless a defendant has communicated some source-indicating mark to the public, that defendant has done nothing to confuse the public as to its source, and should not be subject to suit under the Lanham Act.

See, e.g., Park 'N Fly, Inc. v. Dollar Park & Fly, 469 U.S. 189, 197-98 (1985).


    b.  Dilution

Romeo's federal dilution claim under 15 USC § 1125(c) also fails to be supported

by sufficient factual allegations. The relevant statute provides:

> The owner of a famous mark shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark . . . .

15 U.S.C. § 1125(c)(1) (emphasis added). Romeo has failed to allege any factual

allegations of the company's "use" of subject mark within the meaning of the Lanham

Act. This claim accordingly fails as well.


## III.   STATE LAW CLAIMS

If the Court dismisses Romeo's federal claims, it should as well, dismiss Romeo's

state law claims. Romeo alleges no other basis for the Court's jurisdiction. The Court

should decline to exercise supplemental jurisdiction over Romeo's remaining state law

claims. See 28 USC § 1367(c)(3).

## III.   PERSONAL JURISDICTION

Romeo's claims against defendant Tayar fail because of insufficient service of process. Defendant Tayar is a resident of Canada. Fed. R. Civ. P. 4(f) requires that service of process to an individual in Canada be effected through the provisions of the Hague Convention.

## CONCLUSION

WHEREFORE, defendants request an Order granting their motion to dismiss Romeo's complaint, in its entirety, for failure to state a claim, and grant to the defendants an award of attorney's fees and costs, and for any such further relief as this Court may deem just and proper.

DATED:      New York, New York                    WILL SHUMAN,
            March ___, 2008                       Attorney for Defendants


            _____

            235 West 48th Street
            Apartment 29D
            New York, NY 10036

7

MAR 0 7 2008

Will Shuman
235 West 48th Street
Apartment 29D
New York, NY 10036

March 5, 2008

The Chambers of the
  Hon. Judge Thomas P. Grisea
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Romeo & Juliette, Inc. d/b/a Romeo & Juliette</u>
<u>Laser Hair Removal v. Assara I LLC et al. (080-cv-0442(TPG))</u>

Your Honor:

I, as counsel for each of the defendants in the above-referenced matter, write on their respective behalves to request an enlargement of the defendants' time to respond to, or otherwise move with respect to, the complaint filed by the plaintiffs to March 24, 2008.

Plaintiffs filed the complaint in this action on January 17, 2008. A copy of the summons and complaint and certain other related documents were delivered, post-marked February 19, 2008.

I am an attorney in good-standing licensed to practice in the State of New York. I am not yet licensed to practice before this Court. I further do not have ECF access to electronically file documents on behalf of my clients. I have filed my application for admission with the United States Southern District of New York and understand that, within 10 days, my application will be processed, and I may be admitted on the first Tuesday following such processing. Upon my admission, I will promptly enter my appearance for this matter.

I enclose a proposed motion to dismiss the complaint, which I intend to file concurrently with my entry of appearance.

Sincerely,

WILL SHUMAN,
*Counsel for the defendants*

cc:    David K. Fiveson, Esq.
       Butler, Fitzgerald, Fiveson & McCarthy
       350 Fifth Avenue
       Suite 6215
       New York, NY 10118,
       *Counsel for the plaintiff*

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK  )


JOEL JEAN, being duly sworn, deposes and says:  that deponent is not a party to the action, is over 18 years of age, resides at 36 West 44th Street, Suite 816, New York, New York 10036, and that on the 4th day of June, 2008 deponent served the within **AFFIRMATION OF DAVID K. FIVESON, ESQ.** upon:


Will Shuman, Esq. (individually and
  as attorney for all defendants)
235 West 48th Street
Apartment 29D
New York, New York   10036
will@assaralaser.com (e-mail)

Jay Shuman a/k/a Jerome Shuman
235 West 48th Street
Apartment 29D
New York, New York   10036

Assara I LLC
235 West 48th Street
Apartment 29D
New York, New York   10036


by leaving the document in sealed envelopes, separately addressed to each of the persons referenced above, and leaving those envelopes with a security guard at that building who was told in my presence by someone at the aforementioned address that he should accept service on behalf of those persons (the security guard who was told to accept service is approximately 45 years old with olive skin, black hair, brown eyes, approximately 6 feet 3 inches tall, and wears glasses).


On that same date, I also served the document upon:


Assara I LLC
7 West 51st Street, 2d Floor
New York, New York   10019

Dr. Sam Tayer
7 West 51st Street, 2d Floor
New York, New York   10019


by leaving the document in sealed envelopes, separately addressed to each of the persons

1

referenced immediately above, and leaving those envelopes with a man at that address who identified himself as Mark Bakker and who said he was the executive manager of Assara LLC and was authorized to accept service on behalf of Assara I LLC and Dr. Sam Tayer.

_____
JOEL JEAN

Sworn to before me this
5 day of June, 2008

_____
Notary Public
GERALDINE PERRY
Notary Public, State of New York
No. 01PE457 9187
Qualified in NY County
Commission Expires Dec. 1, 2010

2