DAVID K. FIVESON, ESQ. (DF 2936)
BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
Attorneys for Plaintiff
36 West 44th Street, Suite 816
New York, New York   10036
(212) 615-2200
(212) 615-2215 (Fax)
dfiveson@bffmlaw.com (e-mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ROMEO & JULIETTE LASER HAIR REMOVAL, INC.,
d/b/a ROMEO & JULIETTE HAIR REMOVAL,

                    Plaintiff,

                  -against-

ASSARA I LLC., d/b/a ASSARA LASER CENTER NYC,
ASSARA LASER and MANHATTAN LASER HAIR
REMOVAL, JAY SHUMAN a/k/a JEROME SHUMAN,
WILL SHUMAN and DR. SAM TAYER,

                    Defendants.
-----------------------------------------------------------------------X

**AFFIDAVIT OF CHRISTIAN KARAVOLAS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

08 Civ. 0442 (TPG)

ECF CASE

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

        CHRISTIAN KARAVOLAS, being duly sworn, hereby deposes and says:

        1.     I am the President and sole shareholder of Romeo & Juliette Laser Hair Removal, Inc., d/b/a Romeo & Juliette Hair Removal ("Romeo & Juliette"), the plaintiff in the above-referenced action. I make this affidavit both in support of Romeo & Juliette's cross-motion for summary judgment and in opposition to defendants' motion to dismiss the complaint. In respect of Romeo & Juliette's cross-motion, this affidavit is made in support of Romeo & Juliette's motion for an order (i) granting Romeo & Juliette partial summary judgment on

liability on each of its claims in the complaint against defendants Assara I LLC, d/b/a Assara Laser Center NYC, Assara Laser and Manhattan Laser Hair Removal ("Assara"), Jay Shuman a/k/a Jerome Shuman, Will Shuman, and Dr. Sam Tayer (collectively, the "Assara Defendants"), (ii) setting a schedule for discovery on the issue of damages to be awarded on those claims prior to the determination of that issue at trial, and (iii) awarding Romeo & Juliette a permanent injunction prohibiting each of the Assara Defendants, their agents and employees, and any organization owned, operated, or affiliated with any of them, from using in their advertising or marketing efforts, including on their websites, any references that are the same as, or similar to, the name of plaintiff's business or the names used by Romeo & Juliette on its website to market its services to the consumer public. In addition, this affidavit is made in opposition to the motion by the Assara Defendants for an order pursuant to Fed. R. Civ. P. Rule 12(b)(6) dismissing the complaint.

   2.  This is an action for trademark infringement arising from the Assara Defendants' use of the name of Plaintiff's business and Plaintiff's trademark, "Romeo & Juliette Laser Hair Removal," both on Assara's website to identify the services Assara is offering to the consumer public, and to describe and identify the sponsored website link that Assara arranged to have appear when internet users conduct searches through the search engine company, Google, Inc.. By using Rome & Juliette's name and trademarks in this manner, the Assara Defendnats have deceived the general public into believing either that Romeo & Juliette sponsors or approves of the hair removal services offered by Assara or that Romeo & Juliette wants its customers and potential customers to use the hair removal services offered by Assara.

   3.  Romeo & Juliette has been a successful business for eight years. As its corporate name suggests, one of the principal services offered by Romeo & Juliette to its

customers and the general public is laser hair removal. Romeo & Juliette operates an office in Manhattan in New York City, and offers its services to the public in the New York City area. Romeo & Juliette actively uses its name Romeo & Juliette in marketing and offering of its services to the general public in the New York City area.

4.     Romeo & Juliette has spent considerable sums of money to market its name and its marks "Romeo & Juliette" and "Romeo & Juliette Laser." The trade names "Romeo & Juliette", "Romeo & Juliette Laser", and "Romeo & Juliette Laser Hair Removal" all have become well-known marks in the New York City market area and are readily identifiable as referring to hair removal services provided by Romeo & Juliette. The firm has used Google, Yahoo, Citysearch, New York Magazine, and radio and print advertising to advertise its services using those trademark names. The most significant marketing effort has been made to create and maintain a Romeo & Juliette website. In all, I would estimate that the plaintiff has spent in excess of $4 Million in advertisements using its trademarks and has spent $ 100,000 to create and operate its website. In addition, plaintiffs' employees and agents have expended company time and effort to market the name.

5.     The money, time and effort that Romeo & Juliette has dedicated to marketing its name and marks was all done to present plaintiff, and the services it provides, in a favorable light to promote sales and services to customers and potential customers in the New York City area. Romeo & Juliette's use of its trademark name in its website offerings has been very successful with the company experiencing annual growth in customers and revenues in excess of 30% since creating its website.

6.     To the best of my knowledge, prior to the facts and circumstances giving rise to this lawsuit, no one has ever used the name or mark "Romeo & Juliette" or "Romeo &

Juliette Laser" in the cosmetic surgery or hair removal business in the New York City area. Nor has anyone ever asserted that plaintiff does not have a trademark in those names or that plaintiff is prohibited from using those names on plaintiff's website.

7. Assara engages in a competing laser hair removal business in the New York City area using the trade names "Assara Laser" and "Manhattan Hair Removal." On information and belief, Assara has been engaging in that business since February, 2006.

8. As mentioned above, Romeo & Juliette has very actively marketed its services on the internet. In addition to maintaining a web site, it purchases sponsored links from one or more search engine companies. Prior to the summer of 2007, internet users who conducted a search using the terms "Romeo & Juliette" or "Romeo & Juliette Laser" or "Romeo & Juliette Laser Hair Removal" were directed to Romeo & Juliette's website, where plaintiff offered its laser hair removal services to the consumer public, and provided other information about the business. Internet users making more general searches regarding hair removal likely would receive a search result listing the Romeo & Juliette website at or near the top of the search list, and/or would receive a result list containing a sponsored link to Romeo & Juliette's website.

9. That changed, however, beginning in or around the summer of 2007, when the Assara Defendants arranged to create a sponsored link with the Google Inc. search engine company. Specifically, the Assara defendants arranged that when anyone from the consumer public using the Google search engine conducted a search using search phrases such as "Romeo & Juliette Laser" or "Romeo & Juliette Hair Removal" that internet user would not only be advised of the web address for plaintiff's website, but also would be provided with what is referred to as a sponsored link to Assara's competing website. Defendants made such arrangements by purchasing the search phrase "Romeo & Juliette" from the internet search

engine company Google Inc., and linking its competing website to the phrase "Romeo & Juliette". Google sells sponsored links to advertisers, such as Assara, as a means to generate revenue from its search engine business. The sponsored link is listed with the internet search results provided by the search engine, but the sponsored link is separately identified in a portion of the results page designated for sponsored links. When an internet user clicks on the description of the sponsored link, that user than is provided access to the website identified in the sponsored link, which may or may not be a competitor of one or more websites listed in the reported results to the user's intended search.

10.     It is the manner in which the Assara Defendants designated Assara's sponsored link on Google search result pages that is improper because the Assara Defendants actually incorporated the phrase "Romeo And Juliette Laser" into the description of, and reference to, the direct link to the Assara web-site link. Moreover, when the sponsored link appears on the page listing the Google search engine results the words "Romeo And Juliette Laser" are highlighted and underlined, meaning that any user can access that sponsored website simply by clicking on those words, i.e. the words "Romeo And Juliette Laser." In this case, however, the user likely would be surprised to know that clicking on the words "Romeo And Juliette Laser" in the sponsored link does not link the user to the Romeo & Juliette website, but rather would direct the user to Assara's sponsored website. In other words, when a person from the general public performed a search for Romeo & Juliette Laser, and then clicked on that name as it appears in the sponsored link purchased by defendants, that person is directed to Assara's website, which is owned and operated solely by the Assara Defendants, and the user is not directed to the website of the company named in the link. A copy of a print-out of the Google

5

search results showing the Assara sponsored link, with the reference to "Romeo And Juliette Laser" appearing on the right had side of the document is annexed as Exhibit A.

11. In this manner, the Assara Defendants give the impression to the general public that the plaintiff, Romeo & Juliette, (i) sponsors or endorses Assara and the services Assara provides, (ii) wishes to refer its customers to Assara for laser hair removal services, and/or (iii) otherwise approves of the services provided by Assara.

12. In addition to using the mark "Romeo and Juliette Laser" to describe its sponsored link to its competing website, the Assara Defendants also used those same words on Assara's own website home page, where Assara provides its actual and potential customers with information about the services it offers, the location of its offices, and the prices it charges for its services. Specifically, on its website Assara makes prominent reference to the name and mark "Romeo Juliette Laser", at the top of the Assara home page on its website, immediately below its contact information, stating "Romeo Juliette Laser – Unlimited Hair Removal -- $599/month free consultations." A copy of a print out of the Assara home page is annexed hereto as Exhibit B.

13. In using the name and mark "Romeo Juliette Laser" immediately followed by a quoted price for services that Assara is offering to the public, Assara is again deceiving the public into believing, and or creating the false impression that plaintiff either sponsors or approves of the laser hair removal services offered by Assara.

14. Assara's use of the phrases "Romeo And Juliette", and "Romeo Juliette Laser" in connection with their competing business was not done with the consent or authorization of Romeo & Juliette.

15. Such conduct by plaintiffs has damaged and will continue to damage plaintiff's business and reputation by reason of lost sales and diminution of good will and

business reputation. However, it is my understanding that the monetary amount of such damages is not presently the subject of this motion, because plaintiff only seeks at this time partial summary judgment on (i) the issue of liability on the claims seeking monetary damages and (ii) an injunction prohibiting the Assara Defendants, and their agents, from using plaintiff's name or trademarks on Assara's website or in any advertisements.

WHEREFORE, I respectfully request that the Court grant plaintiff's motion for summary judgment and (i) award judgment to plaintiff and against Assara on the issue of liability, but not on the issue of damages, on each of the five counts in the complaint, (ii) direct that the issue of damages be set down for trial and (iii) award judgment to plaintiff and against Assara permanently enjoining Assara from using the phrases or names "Romeo & Juliette," "Romeo and Juliette" or "Romeo Juliette Laser," or any similar phrases or names, on its website or in any other medium advertising or offering services provided by Assara.

_____
CHRISTIAN KARAVOLAS

Sworn to before me this
4th day of June, 2008

_____
Notary Public
DHANSINGHANI PRAKASH K
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01DH6C59993
Qualified in NASSAU COUNTY
COMMISSION EXP June 11, 2011

# EXHIBIT A



File Edit View Favorites Tools Help

Address http://www.google.com/search?hl=en&q=romeo+%26+juliette+laser&btnG=Google+Search

Links Citysearch EV E-Mail & More Help & Support Latest Internet Products Layout Tool More From Verizon Music & Games & Video My Account

Web Images Video News Maps Gmail more ▾ Sign in

Google romeo & juliette laser Search Advanced Search Preferences

New! View and manage your web history

**Web** Results 1 - 10 of about 729,000 for romeo & juliette laser. (0.09 seconds)

Sponsored Links

Laser Hair Removal Clinic
www.LaserPerfect.net/NY Get Safe & Effective Laser Hair Removal By Licensed Physician!

Romeo & Juliette New York
romeojuliettelaserhairremoval.com Hair removal is our only Specialty! 6 FDA lasers, Voted top in NYC

Sponsored Links

Romeo And Juliette Laser
Unlimited Laser Hair Removal
$599/Month. Free Consultations.
www.assaralaser.com
New York, NY

Romeo and Juliette Laser Hair Removal, New York, New York
Provides laser hair removal. Includes services, FAQ, photos, and contact information.
Map of 38 E 57th St # 3, New York, NY 10022
www.romeojuliettelaserhairremoval.com/ - 16k - Cached - Similar pages

Romeo and Juliette Laser Hair Removal, New York, New York
Romeo and Juliette's business is laser hair removal. Our resources and our time is spent ensuring we reach our goal; removing your unwanted hair. ...
www.romeojuliettelaserhairremoval.com/services.htm - 14k - Cached - Similar pages
[ More results from www.romeojuliettelaserhairremoval.com ]

Romeo & Juliette Laser Hair Removal - New York, NY, 10022 - Citysearch
Come to Citysearch to get information, directions, and reviews on Romeo & Juliette Laser Hair Removal and other Beauty & Fitness, Hair Removal Services in ...
Map of 38 E 57th St, New York, NY 10022
newyork.citysearch.com/profile/35658141 - 75k - Cached - Similar pages

Romeo & Juliette Laser Hair Removal User Reviews - New York, NY ...

Internet

Start 4 Microsoft Office Outl... AIM romeo & juliette lase... 12:56 PM

# EXHIBIT B



STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

    JOEL JEAN, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age, resides at 36 West 44th Street, Suite 816, New York, New York 10036, and that on the 4th day of June, 2008 deponent served the within **AFFIDAVIT OF CHRISTIAN KARAVOLAS** upon:

| | |
|---|---|
| Will Shuman, Esq. (individually and as attorney for all defendants)<br>235 West 48th Street<br>Apartment 29D<br>New York, New York   10036<br>will@assaralaser.com (e-mail) | Jay Shuman a/k/a Jerome Shuman<br>235 West 48th Street<br>Apartment 29D<br>New York, New York   10036<br><br>Assara I LLC<br>235 West 48th Street<br>Apartment 29D<br>New York, New York   10036 |

by leaving the document in sealed envelopes, separately addressed to each of the persons referenced above, and leaving those envelopes with a security guard at that building who was told in my presence by someone at the aforementioned address that he should accept service on behalf of those persons (the security guard who was told to accept service is approximately 45 years old with olive skin, black hair, brown eyes, approximately 6 feet 3 inches tall, and wears glasses).

    On that same date, I also served the document upon:

| | |
|---|---|
| Assara I LLC<br>7 West 51st Street, 2d Floor<br>New York, New York   10019 | Dr. Sam Tayer<br>7 West 51st Street, 2d Floor<br>New York, New York   10019 |

by leaving the document in sealed envelopes, separately addressed to each of the persons referenced immediately above, and leaving those envelopes with a man at that address who

identified himself as Mark Bakker and who said he was the executive manager of Assara LLC and was authorized to accept service on behalf of Assara I LLC and Dr. Sam Tayer.

_____
JOEL JEAN

Sworn to before me this
5th day of June, 2008

_____
Notary Public

GERALDINE PERRY
Notary Public, State of New York
No. 01PE487-9187
Qualified in NY County
Commission Expires Dec. 1, 2010