DAVID K. FIVESON, ESQ. (DF 2936)
BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
Attorneys for Plaintiff
36 West 44th Street, Suite 816
New York, New York  10036
(212) 615-2200
(212) 615-2215 (Fax)
dfiveson@bffmlaw.com (e-mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROMEO & JULIETTE LASER HAIR REMOVAL, INC.,
d/b/a ROMEO & JULIETTE HAIR REMOVAL,

           Plaintiff,

    -against-

ASSARA I LLC., d/b/a ASSARA LASER CENTER NYC,
ASSARA LASER and MANHATTAN LASER HAIR         08 Civ. 0442 (TPG)
REMOVAL, JAY SHUMAN a/k/a JEROME SHUMAN,
WILL SHUMAN and DR. SAM TAYER,                          ECF CASE

           Defendants.
------------------------------------------------------------------X

**STATEMENT OF UNDISPUTED MATERIAL
FACTS PURSUANT TO LOCAL RULE 56-1
IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

        Plaintiff Romeo & Juliette Laser Hair Removal, Inc., d/b/a Romeo & Juliette Hair Removal ("Romeo & Juliette" or "Plaintiff"), by its attorneys Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, pursuant to Rule 56-1 of the Local Rules for the United States District Court for the Southern District of New York, hereby submits this statement of undisputed facts which are material to Romeo & Juliette's motion, dated June 4, 2008, pursuant to Fed R. Civ. P. 56(a), for partial summary judgment (i) awarding plaintiff judgment against

defendants Assara I, LLC, d/b/a Assara Laser Center NYC, Assara Laser and Manhattan Laser Hair Removal ("Assara"), Jay Shuman a/k/a Jerome Shuman, Will Shuman and Dr. Sam Tayer (collectively with Assara, the "Assara Defendants") on the issue of liability on each of the claims in the Complaint, (ii) setting a schedule to conduct discovery on the issue of damages before trial on that issue, and (iii) issuing a permanent injunction prohibiting any of the Assara Defendants, their agents or employees, or any organization owned, operated, or affiliated with, any of the Assara Defendants, from referring in their advertising or on their websites to Romeo & Juliette's trade name, anything similar to or incorporating any part of Romeo & Juliette's trade name, or any Romeo & Juliette trademarks used by Plaintiff on its website to market its services to the consumer public.

**No Genuine Issues Exist To Be Tried With Respect to the Following Material Facts**

*Jurisdiction and Venue*

1. This Court has jurisdiction to consider the Federal Statute claims in this matter pursuant to 28 U.S.C. § 1338 and 15 U.S.C. § 1121.

2. This Court has jurisdiction over the pendant state law claim in this matter pursuant to 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff maintains its offices within this judicial district.

*Romeo & Juliette's Trademarks*

4. Over the last eight years, Romeo & Juliette has maintained a successful business offering laser hair removal services to its clients and the general public in the New York City area using the trade name Romeo & Juliette Hair Removal. Romeo & Juliette operates an

office in Manhattan in New York City, and offers its services to the public in the New York City area. (Complaint, ¶ 11; Karavolas Aff., ¶ 3)

5.  Plaintiff has expended millions of dollars, as well as the time and effort of its employees and agents, to market its name and the marks "Romeo & Juliette" and "Romeo & Juliette Laser," to advertise using those trade names, and to create websites that prominently use those trade names. Plaintiff made these expenditures and these efforts to present Plaintiff, and the services it provides, in a favorable light to promote sales and services to customers and potential customers in the New York City area. (Complaint, ¶ 12; Karavolas Aff., ¶¶ 4-5)

6.  Plaintiff's expenditures and efforts were fruitful. The trade names "Romeo & Juliette," "Romeo & Juliette Laser," and "Romeo & Juliette Laser Hair Removal" have become well-known marks in the New York City market area that are readily identifiable as referring to hair removal services provided by Romeo & Juliette. As a result, Romeo & Juliette's website offerings have been very successful and the company has experienced annual growth in customers and revenues in excess of 30% since creating its website. (Complaint, ¶¶ 12 and 34; Karavolas Aff., ¶¶ 4-5)

7.  Prior to the facts and circumstances giving rise to this lawsuit, no one has ever used the name or mark "Romeo & Juliette" or "Romeo & Juliette Laser," or any similar mark or name, in the cosmetic surgery or hair removal business in the New York City area. (Karavolas Aff., ¶ 6)

8.  Romeo & Juliette has actively marketed its services on the internet. In that regard, it maintains a web site and it purchases sponsored links from one or more search engine companies. Prior to the summer of 2007, internet users who conducted a search using the terms "Romeo & Juliette" or "Romeo & Juliette Laser" or "Romeo & Juliette Laser Hair

Removal" were directed to Romeo & Juliette's website, where plaintiff offered its laser hair removal services to the consumer public, and provided other information about the business. Internet users making more general searches regarding hair removal likely would receive a search response containing a sponsored link to Romeo & Juliette's website. (Karavolas Aff., ¶ 8)

*The Assara Defendant's Commence a Competing Business And Use Romeo & Juliette's Trade Name and Trade marks To Promote Their Own Services*

9.   In approximately February 2006, the Assara Defendants opened a competing laser hair removal business in the New York City Area under the name "Assara Laser" and "Manhattan Hair Removal". (Complaint, ¶ 13; Karavolas Aff., ¶ 7)

10.   In the summer of 2007, a little over a year after they started their new business, the Assara Defendants made arrangements for a sponsored link with the Google Inc. search engine company. Specifically, the Assara Defendants arranged that when anyone from the consumer public using the Google search engine conducted a search using search phrases such as "Romeo & Juliette Laser" or "Romeo & Juliette Hair Removal" that internet user would be advised of both the web address for plaintiff's website, and what is referred to as a sponsored link to Assara's competing website. Defendants made such arrangements by purchasing the search phrase "Romeo & Juliette" from the internet search engine company Google Inc., and linking its competing website to the phrase "Romeo & Juliette". (Complaint, ¶¶ 14-16; Karavolos Aff., ¶ 9)

11.   Google sells sponsored links to advertisers, such as Assara, as a means to generate revenue from its search engine business. A sponsored link is then included in a report of internet search results provided by the search engine, but the sponsored link is separately identified in a portion of the results page designated for sponsored links. When an internet user

4

clicks on the description of the sponsored link, that user than is provided access to the website identified in the sponsored link, which may or may not be a competitor of one or more websites listed in the reported results to the user's intended search. (Karavolas Aff., ¶ 9)

12.   The description of Assara's sponsored website link on Google includes the phrase "Romeo And Juliette Laser." Moreover, when the Assara sponsored link appears in the report of search engine search results the words "Romeo And Juliette Laser" appearing in the description of the Assara website link are highlighted and underlined, which enabled any user to access that Assara sponsored website by clicking on those words. Therefore, an internet search engine user who elects to click on the highlighted words "Romeo And Juliette Laser" would not be linked to the Romeo & Juliette website, but rather would be directed to Assara's sponsored website. (Complaint, ¶ 16; Karavolas Aff., ¶ 10 and Ex. A)

13.   The Assara Defendants also used the words "Romeo and Juliette Laser" on Assara's own website home page, where Assara provides its actual and potential customers with information about the services it offers, the location of its offices, and the prices it charges for its services. Specifically, on its website Assara makes prominent reference to the name and mark "Romeo Juliette Laser" at the top of the Assara home page on its website, immediately below its contact information, stating "Romeo Juliette Laser – Unlimited Hair Removal -- $599/month free consultations." (Complaint, ¶ 17; Karavolas Aff., ¶ 12 and Ex. B)

*The Assara Defendant's Use Of Romeo & Juliette's*
*Trade Name and Trademarks Causes Consumer*
*Confusion Regarding Sponsorship of Defendants'*
<u>*Services And Has Damaged Plaintiff's Business*</u>

14.   Assara's use of the phrases "Romeo And Juliette", and "Romeo Juliette Laser" in connection with their competing business was not done with the consent or authorization of plaintiff. (Complaint, ¶ 20; Karavolas Aff., ¶ 14)

5

15. The use of the name "Romeo & Juliette, or a similar name, by the Assara Defendants to market their own services and lure people to their website marketing their services gives the impression to the general public that the plaintiff, Romeo & Juliette, (i) sponsors or endorses Assara and the services Assara provides, (ii) wishes to refer its customers to Assara for laser hair removal services, and/or (iii) otherwise approves of the services provided by Assara. (Complaint, ¶¶ 17, 19, 22-26, 30-31; Karavolas Aff., ¶¶ 11, 13)

16. The conduct of the Assara Defendants has damaged Romeo & Juliette's business by reason of lost sales and diminution of good will and business reputation, and will continue to so damage Romeo & Juliette unless the Court prohibits the Assara Defendants, their agents and employees, and any organization owned, operated, or affiliated with, any of the Assara Defendants, from referring in their advertising or on their websites to Romeo & Juliette's trade name, any name similar to or incorporating any part of Romeo & Juliette's trade name, or any Romeo & Juliette trademark used by Plaintiff on its website to market its services to the consumer public. (Complaint, ¶¶ 21, 28, 32, 36, 39, 42; Karavolas Aff., ¶ 15)

Dated: New York, New York
June 4, 2008

BUTLER, FITZGERALD, FIVESON &
McCARTHY
A Professional Corporation

By: _____
David K. Fiveson (DF 2936)
36 West 44th Street, Suite 816
New York, New York 10036
Telephone: (212) 615-2200
Facsimile: (212) 615-2215

Attorneys for Plaintiff

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

        JOEL JEAN, being duly sworn, deposes and says:  that deponent is not a party to the action, is over 18 years of age, resides at 36 West 44th Street, Suite 816, New York, New York 10036, and that on the 4th day of June, 2008 deponent served the within **STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56-1 IN SUPPORT OF PLAINTIFF'S MOTON FOR PARTIAL SUMMARY JUDGMENT** upon:

Will Shuman, Esq. (individually and
  as attorney for all defendants)
235 West 48th Street
Apartment 29D
New York, New York   10036
will@assaralaser.com (e-mail)

Jay Shuman a/k/a Jerome Shuman
235 West 48th Street
Apartment 29D
New York, New York   10036

Assara I LLC
235 West 48th Street
Apartment 29D
New York, New York   10036

by leaving the document in sealed envelopes, separately addressed to each of the persons referenced above, and leaving those envelopes with a security guard at that building who was told in my presence by someone at the aforementioned address that he should accept service on behalf of those persons (the security guard who was told to accept service is approximately 45 years old with olive skin, black hair, brown eyes, approximately 6 feet 3 inches tall, and wears glasses).

        On that same date, I also served the document upon:

Assara I LLC
7 West 51st Street, 2d Floor
New York, New York   10019

Dr. Sam Tayer
7 West 51st Street, 2d Floor
New York, New York   10019

by leaving the document in sealed envelopes, separately addressed to each of the persons referenced immediately above, and leaving those envelopes with a man at that address who

identified himself as Mark Bakker and who said he was the executive manager of Assara LLC and was authorized to accept service on behalf of Assara I LLC and Dr. Sam Tayer.

_____
JOEL JEAN

Sworn to before me this
5 day of June, 2008

_____
Notary Public

GERALDINE PERRY
Notary Public, State of New York
No. 01PE487-9187
Qualified in NY County
Commission Expires Dec. 1, 2010

2