WILL SHUMAN, ESQ. (WS 3237)
Counsel for defendants
235 West 48th Street
Apartment 29D
New York, NY 10036
Telephone:    (646) 964-5204
will@assaralaser.com (e-mail)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x
ROMEO & JULIETTE LASER HAIR
REMOVAL, INC. d/b/a ROMEO &
JULIETTE HAIR REMOVAL,

     Plaintiff,

        -against-                  08 Civ. 0442 (TPG)

ASSARA I LLC, d/b/a ASSARA LASER        ECF CASE (electronically
CENTER NYC, ASSARA LASER, et al.,       filed)

     Defendants.
_____x

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL
FACTS AND STATEMENT OF MATERIAL FACTS IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSING THE
COMPLAINT PURSUANT TO LOCAL RULE 56.1(B)**

     Pursuant to Local Civil Rule 56.1(b) of the Local Rules of the United States

District Courts for the Southern and Eastern Districts of New York, defendants respond

to plaintiff's "Statement of Undisputed Material Facts Pursuant to Local Rule 56-1 in

Support of Plaintiff's Motion for Partial Summary Judgment" as follows:

     1.   Deny, as a legal conclusion and not a statement of fact.

     2.   Deny, as a legal conclusion and not a statement of fact.

     3.   Deny, as a legal conclusion and not a statement of fact.

4.   Defendants can neither admit nor deny this allegation, as defendants lack sufficient knowledge or information as to Romeo's past-business history and operations, including, but not limited to the length of use of the trade name Romeo & Juliette Hair Removal, except that defendants admit that Romeo operates an office in Manhattan.

5.   Defendants can neither admit nor deny this allegation, as defendants lack sufficient knowledge or information as to Romeo's marketing strategies, related-expenditures and their purposes.

6.   Defendants can neither admit nor deny this allegation, as defendants lack sufficient knowledge or information as to the effectiveness of Romeo's marketing endeavors and the level of market penetration of any trade names used by Romeo. Defendants further can neither admit nor deny this allegation, as defendants lack sufficient knowledge or information as to the revenue- and profit-generating rates associated with Romeo's marketing endeavors.

7.   Defendants can neither admit nor deny this allegation, as defendants lack sufficient knowledge or information whether any person has ever used the name or mark "Romeo & Juliette" or "Romeo & Juliette Laser," or any similar mark or name, in the cosmetic surgery or hair removal business in the New York City area, except that defendants admit that Romeo maintains a website and purchases sponsored links from at least Google Inc.

8.   Defendants can neither admit nor deny this allegation, as defendants lack sufficient knowledge or information to determine how actively Romeo markets its services on the internet or whether internet searchers who conducted a search using the terms "Romeo & Juliette" or "Romeo & Juliette Laser" or "Romeo & Juliette Laser Hair

Removal," were directed to Romeo's website prior to the summer of 2007, except that defendants admit that Romeo maintains a website and has purchased sponsored links from at Google.

9.  Admit, except deny allegation that defendants opened a competing laser hair removal business under the name "Manhattan Hair Removal." (Shuman Aff. ¶2.)

10. Deny.  Assara I LLC, a New York limited liability company (the "company"), through its employees, made arrangements with ReachLocal, an internet advertising campaign manager, to purchase sponsored links on several internet search engines, one of which is Google Inc.  (Id. at ¶¶1, 3, 18)   ReachLocal consultants and internal technologies selected keywords that would, when entered by an internet search engine user, display to the user as a "Sponsored Link" the name "Assara Laser Center NYC", the promotion "Unlimited Laser Hair Removal $599/Month. Free Consultations" and the url "www.assaralaser.com."  (Id. at ¶18, 21; Exh. B-3.)  The displayed name Assara Laser Center NYC contained a hyperlink to a mirror of the company's website. (Shuman Aff. at ¶¶21,22.) Defendants further deny that the company, the other defendants, or ReachLocal arranged, or authorized ReachLocal to arrange, to display as a Sponsored Link the headline "Romeo & Juliette" or that such a Sponsored Link would have contained a hyperlink to the company's website. (Id. ¶18, 20.)

11. Admit, except that defendants deny that when a Google search engine user clicks on the description of the Sponsored Link, which may or may not be a competitor of one or more websites listed in the reported results to the user's intended results.  (Id. ¶16.) Google maintains editorial policies for AdWords campaigns (the "Google Editorial Policies").  (Id.; Exh. C.)  The Google Editorial Policies specify rules and restrictions on

trademark and copyright usage, capitalization of letters, character limits, competitive claims, grammar and spelling, implied affiliation or partnerships, inappropriate language, display of prices, discounts and free offers, use of proper names, punctuation and symbols, repetition of words, and use of superlatives.  (Id.; Exh. C, 1-5.)  The Google Editorial Policies state that Google will not permit an advertiser to engage in trademark infringing activities through its AdWords campaign.  (Shuman Aff. ¶ 17; Exh. C 5-6.) Further, "as a courtesy to trademark owners," Google created a trademark complaint procedure, which is readily accessible through their website.  (Id.; Exh. C, 5-6.)  Google further states in the Google Editorial Policies that "Google takes allegations of trademark infringement very seriously and, as a courtesy, we're happy to investigate matters raised by trademark owners.  (Shuman Aff. ¶ 17; Exh. C5-6.)  You are not required to be a Google AdWords advertiser in order to send the complaint."  (Shuman Aff. ¶ 17; Exh. C 5-6.)

        12. Deny, as unsupported by a citation to admissible evidence. [1]  Further, the displayed name of any sponsored link for the company on Google does not, and cannot, include the phrase "Romeo and Juliette Laser."  (Shuman Aff. ¶ 22; Exh. C, 5-6.)  Google AdWords' editorial policy prohibits such a usage of their sponsored link advertising. (Shuman Aff. ¶ 22; Exh. C 5-6.)  Further, Romeo's purported screenshot of the company's use of its mark is inconsistent with the Google Editorial Policies and inconsistent with our ReachLocal advertising campaign.  (Shuman Aff. ¶ 22; Exh. C 5-6.) In the course of our internet advertising, neither the company, nor any of its employees, have ever authorized or directed the use of any competitor's name, including the name

---

[1] As required pursuant to Local Rule 56.1(d).

"Romeo and Juliette" or "Romeo and Juliette Laser" in our advertising campaigns with ReachLocal. (Shuman Aff. ¶ 22; Exh. C, 5-6.) Further, neither Romeo, nor any of its officers, employees or agents indicated to the company, at any time other than through the filing of the complaint in this action over seven months after the earliest date referred to in the complaint at which the alleged misconduct could have taken place, that Romeo believed that the company's internet campaign utilized a Romeo mark. (Shuman Aff. ¶ 24.)

13. Deny, as unsupported by a citation to admissible evidence.[2] All of the company's Sponsored Link advertising is managed and operated by ReachLocal, through a replica "mirror website," that is, a website hosted on Reach Local's servers. (Shuman Aff. ¶ 20.) The ReachLocal mirror site displays at the top of the webpage the advertised name "Assara Laser Center NYC;" the webpage does not make, and has not, made reference to the name and mark "Romeo Juliette Laser." (Shuman Aff. ¶ 20; Exh. B-3.) Further, Romeo's purported screenshot of the company's use of its mark is inconsistent with the Google Editorial Policies and inconsistent with our ReachLocal advertising campaign. (Shuman Aff. ¶ 22; Exh. C, 4-5.) In the course of our internet advertising, neither the company, nor any of its employees, has ever authorized or directed the use of any competitor's name, including the name "Romeo and Juliette" or "Romeo and Juliette Laser" in our advertising campaigns with ReachLocal. Further, neither Romeo, nor any of its officers, employees or agents indicated to the company, at any time other than through the filing of the complaint in this action over seven months after the earliest date

---

[2] As required pursuant to Local Rule 56.1(d).

in the complaint that the alleged misconduct could have taken place, that Romeo believed

that the company's internet campaign utilized a Romeo mark. (Shuman Aff. ¶ 24.)

        14. Deny, as a legal conclusion and not a statement of fact.

        15. Deny, as a legal conclusion and not a statement of fact.

        16. Deny, as a legal conclusion and not a statement of fact.


Dated: New York, New York
       July 8, 2008

                                WILL SHUMAN, ESQ. (WS 3237)
                                *Counsel for defendants*


                                /s/ will shuman

                                235 West 48th Street
                                Apartment 29D
                                New York, NY 10036
                                (646) 964-5204

TO:     Butler, Fitzgerald, Fiveson & McCarthy
        David K. Fiveson, Esq.
        David J. McCarthy, Esq.
        36 West 44th Street, Suite 816
        New York, New York 10036
        (212) 615-2215

        Attorneys for Plaintiff Romeo &
        Juliette Laser Hair Removal,
        Inc., d/b/a Romeo & Juliette Hair
        Removal