DAVID K. FIVESON, ESQ. (DF 2936)
BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
Attorneys for Plaintiff
36 West 44th Street, Suite 816
New York, New York 10036
(212) 615-2200
(212) 615-2215 (Fax)
dfiveson@bffmlaw.com (e-mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROMEO & JULIETTE LASER HAIR REMOVAL, INC.,
d/b/a ROMEO & JULIETTE HAIR REMOVAL,

        Plaintiff,

        -against-

ASSARA I LLC., d/b/a ASSARA LASER CENTER NYC,
ASSARA LASER and MANHATTAN LASER HAIR
REMOVAL, JAY SHUMAN a/k/a JEROME SHUMAN,
WILL SHUMAN and DR. SAM TAYER,

        Defendants.
------------------------------------------------------------------X

REPLY AFFIDAVIT
OF CHRISTIAN
KARAVOLAS IN
OPPOSITION TO
DEFENDANTS'
CROSS-MOTION
FOR SUMMARY
JUDGMENT

08 Civ. 0442 (TPG)

ECF CASE

STATE OF NEW YORK  )
                            ) ss.:
COUNTY OF NEW YORK  )

        CHRISTIAN KARAVOLAS, upon being duly sworn, hereby deposes and says:

        1.    I am the President and sole shareholder of Romeo & Juliette Laser Hair Removal, Inc., d/b/a Romeo & Juliette Hair Removal ("Romeo & Juliette"), the plaintiff in the above-referenced action. I make this affidavit in opposition to defendants' cross-motion for summary judgment to dismiss the complaint.

2. Mr. Shuman falsely states in paragraph 11 of his affidavit that Assara's website:

> ... does not and never has contained the terms "Romeo & Juliette" or Romeo and Juliette Laser" either displayed in visible text, or in the website's meta-date ...

Annexed as Exhibit A is a copy of the Google screen laser screen shot which resulted from a Google search I did on September 20, 2007 for the words "Romeo & Juliette laser". I verify I personally observed this screen shot on the web on September 20, 2007. In the "sponsored links" to a search for the words "Romeo & Juliette laser", the following is advertised:

> **Romeo and Juliette Laser**
> Unlimited Laser Hair Removal
> $599/month. Free consultation.
> **www.assaralaser.com** New York, NY

Notably the Romeo and Juliette mark is immediately above the defendants' web address: www.assaralaser.com. When I clicked on the Romeo & Juliette trademark shown on the sponsored link, I entered Assara's webpage as shown on Exhibit B, which also contained the Romeo and Juliette mark.

3. Annexed as Exhibit B is a color copy of Assara's website home page I downloaded on September 20, 2007. This webpage of Assara contains the trademark "Romeojuliette laser". This website was posted on Google through a portal entity called ReachLocal. Mr. Schuman concedes Assara commenced advertising in April 2007 on Google by utilizing Reachlocal. Reachlocal is identified as the portal through which the webpage is displayed, in the website address listed on the top of the webpage, as follows:

> http//assaralaser.**reachlocal**.com/coupon.

4. Mr. Schuman, who is apparently an attorney, should be sanctioned for his false statements to this Court.

2

5.  Indeed, Mr. Schuman authenticates his Exhibit B-3 as Assara's webpage. This two-page document is dated in the lower right corner as July 8, 2008, and is annexed hereto as Exhibit C for the Court's convenience. This webpage likewise includes the name "ReachLocal" within its web address (top right hand corner). This webpage is substantially similar to the offending September 20, 2007, webpage (Exhibit B); except the Romeo & Juliette trademark has been deleted from the top of the webpage. See Exhibit C, page 1 where the top of the Assara webpage now states:

> Contact: Assara Laser local (888) 755-1463
> Assara Laser Center NYC-Unlimited Laser Hair Removal.

This July 8, 2008 webpage of Assara, should be compared to the September 20, 2007, webpage (Exhibit B), which exhibited the following:

> Contact Assara Laser local (888) 755-1463
> **Romeojuliette laser**-unlimited Laser Hair Removal

6.  After I observed Assara's unfair competition on September 20, 2007, I complained to Mr. Trent Herbert of ReachLocal. Mr. Herbert apologized for the offending ad. I was later advised by Mr. Herbert that ReachLocal removed the offending webpage (Exhibit B) from the internet within a few hours after I complained to him on September 20, 2007. Mr. Herbert, subsequently, called me again and confirmed the infringement will not happen again.

7.  Notably, the use of the Romeo & Juliette mark within Assara's competing advertisement and website is distinguished from the "internal use" of a mark, which merely allows a competitor to use a trademark as a keyword to advertise its trademark or name as a sponsored link.

3

8. Mr. Schuman denies in paragraph 22 of his affidavit that he or Assara ever authorized or directed the use of the Romeo and Juliette mark in the advertising campaigns with ReachLocal. He further claims that:

> . . . if such a display actually existed (which is extremely unlikely), it does not currently exist, and neither the company nor I have been aware of such an existence.

9. As stated in my moving affidavit, Romeo & Juliette extensively advertises on Google. I know from personal knowledge that only someone with a password to Assara's account could design the sponsored link advertisement (Exhibit A) that appeared on the Google search. These facts belie Mr. Schuman's claimed innocence in paragraphs 22 and 25 through 29 of his affidavit. Mr. Schuman fails to explain how and why someone who has no affiliation to Assara, would access Assara's advertising with a confidential password and use thereon the trademark of one of the most prominent, competing laser centers in Manhattan; which could benefit only Assara.

10. I am advised by my attorneys, that on plaintiff's instant motion for partial summary for liability only and for an injunction, I need not demonstrate the damages sustained by plaintiff. Notably, Assara concedes its advertising through ReachLocal commenced in April 2007. I observed the offending adds on September 20, 2007; and the adds were promptly withdrawn when I complained to ReachLocal. Plaintiff therefore requires discovery of Assara and ReachLocal to determine the length of time during which the infringement occurred and its recoverable damages.

11. Mr. Schuman concedes in paragraph three of his affidavit that Assara is a limited liability company, and that each of the individual defendants is a member. I am advised by my attorneys that a limited liability company does not insulate its members from their

4

tortuous acts. At the very minimum: (i) a preliminary injunction should issue against all defendants restraining any further infringement; and (ii) summary judgment on liability should be granted as against Assara I LLC, without prejudice to a further motion as against the individual defendants after completion of discovery whereby we determine which individual defendant or defendants caused in the infringement.

12. I am further advised defendant Sam Tayer was properly served on February 19, 2008, by delivery of the summons and complaint to an employee of Assara Laser, at Assara's offices in New York, and the mailing of a copy to such office. See affidavit of service annexed as Exhibit D. I am further advised such service is valid service in New York under Federal Rule 4(e)(1) and CPLR § 308(2). I am also advised that since defendant Tayer has been served in New York service under the Hague convention is not necessary, as claimed by defendants.

13. Lastly, I am advised Assara's citation to Internet Specialties West, Inc. v. ISP West, 2006 WL 4568796 (C.D. Cal. Sept. 19, 2006), as a basis to object to my authentication of its September 20, 2007 website, is without merit. I am advised Internet Specialties concerned the authentication of third-party websites. The case at Bar concerns the authentication of defendant Assara's website, which, but for the "Romeo & Juliette Laser" mark, has been admitted by defendants.

WHEREFORE, plaintiff's motion should be granted in all respects, and the cross-motion should be denied in all respects.

_____
CHRISTIAN KARAVOLAS

Sworn to before me this
5th day of August, 2008

_____
Notary Public

DAVID FIVESON
Notary Public, State of New York
No. 4720224
Qualified in Westchester County
Commission Expires December 14, 2008

**Exhibit A**

Screenshot of a Google search results page for "romeo & juliette laser" showing results including:

- **Laser** Hair Removal Clinic — www.LaserPerfect.net/NY — Get Safe & Effective **Laser** Hair Removal By Licensed Physician!
- **Romeo & Juliette** New York — romeojuliettelaserhairremoval.com — Hair removal is our only Specialty! 6 FDA lasers, Voted top in NYC
- **Romeo** and **Juliette Laser** Hair Removal, New York, New York — Provides laser hair removal. Includes services, FAQ, photos, and contact information. Map of 38 E 57th St #3, New York, NY 10022 — www.romeojuliettelaserhairremoval.com/
- **Romeo** and **Juliette Laser** Hair Removal, New York, New York — Romeo and Juliette's business is laser hair removal. Our resources and our time is spent ensuring we reach our goal, removing your unwanted hair ... — www.romeojuliettelaserhairremoval.com/conferences.htm
- **Romeo & Juliette Laser** Hair Removal - New York, NY, 10022 - Citysearch — Come to Citysearch to get information, directions, and reviews on Romeo & Juliette Laser Hair Removal and other Beauty & Fitness, Hair Removal Services in ... Map of 38 E 57th St, New York, NY 10022 — newyork.citysearch.com/profile/35658141
- **Romeo & Juliette Laser** Hair Removal User Reviews - New York, NY ...

Sponsored links:
**Romeo And Juliette Laser**
Unlimited Laser Hair Removal
$599/Month Free Consultations
www.assaralaser.com
New York, NY

**Exhibit B**



**Exhibit C**

ReachLocal Index    http://assaralaser.reachlocal.com/coupon/d157/157409/index5

Case 1:08-cv-00442-TPG    Document 25    Filed 08/05/2008    Page 12 of 19
Case 1:08-cv-00442-TPG    Document 21    Filed 07/08/2008    Page 20 of 36

Contact Assara Laser   Local: (888) 755-1463    Send E-Mail
**Assara Laser Center NYC** - Unlimited Laser Hair Removal - $599/Month. Free Consultations



Check out our Ads in Metro, AM NY, The Village Voice, and on Zoom Media



Case 1:08-cv-00442-TPG    Document 25    Filed 08/05/2008    Page 14 of 19

**Exhibit D**

DAVID K. FIVESON, ESQ. (DF 2936)
BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
Attorneys for Plaintiff
350 Fifth Avenue
Suite 6215
New York, New York  10118
(212) 615-2200
(212) 615-2215 (Fax)
dfiveson@bffmlaw.com (e-mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROMEO & JULIETTE LASER HAIR REMOVAL, INC.,
d/b/a ROMEO & JULIETTE HAIR REMOVAL,

                Plaintiff,

    -against-                                             08 Civ. 0442 (TPG)

ASSARA I LLC., d/b/a ASSARA LASER CENTER NYC,     ECF CASE
ASSARA LASER and MANHATTAN LASER HAIR
REMOVAL, JAY SHUMAN a/k/a JEROME SHUMAN,
WILL SHUMAN and DR. SAM TAYER,

                Defendants.
------------------------------------------------------------------X


**AFFIDAVITS OF SERVICE UPON
DR. SAM TAYER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No. 08-CV-0442

ECF Case

ROMEO & JULIETTE LASER HAIR REMOVAL, INC.,
d/b/a ROMEO & JULIETTE HAIR REMOVAL

*Plaintiff(s) Petitioner(s)*

against

ASSARA I LLC., d/b/a ASSARA LASER CENTER NYC, ASSARA LASER
and MANHATTAN LASER HAIR REMOVAL, ET AL.

*Defendant(s) Respondent(s)*

AFFIDAVIT OF SERVICE

Nassau COUNTY, NEW YORK STATE:  Peter Olphie being sworn
says: Deponent is not a party herein, is over 18 years of age and resides at Roslyn, NY

On Feb. 19, 2008 at 9:27A .M. at Assar Laser, 2nd Fl., 7 W 51st St., NY, NY 10019
deponent served the within:
☐ summons   ☐ with notice
☐ summons and complaint
☐ notice of petition and petition
☐ subpoena   ☐ subpoena duces tecum
☐ summons, Spanish summons and complaint, the language required by NYCRR 2900.2(e), (f) & (h) was set forth on the face of the summons(es)
☐ citation
☒ Summons in a Civil Action, Complaint, Letter as per 3rd Amended Instructions for filing with attachments

on Dr. Sam Tayer
☒ defendant (hereinafter called therein named the recipient)
☐ respondent
☐ witness

**INDIVIDUAL 1** ☐ by delivering a true copy of each to said recipient personally; deponent knew the person so served to be the person described as said recipient therein.

**CORPORATION 2** ☐ a _____ corporation, by delivering thereat a true copy of each to _____ personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be _____ thereof

**SUITABLE AGE PERSON 3** ☒ by delivering thereat a true copy of each to Elizabeth Botte, employee of Assara Laser a person of suitable age and discretion. Said premises is recipient's ☒ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO DOOR, ETC. 4** ☐ by affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there

Deponent talked to _____ at said premises who stated that recipient ☐ lived ☐ worked there.

**MAILING TO RESIDENCE USE WITH 3 OR 4   5A** ☐ Deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipient's last known residence, at _____ and deposited said envelope in an official depository under exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4   5B** ☒ Deponent enclosed a copy of same in a first class postpaid envelope properly addressed to defendant at defendant's actual place of business, at Dr. Sam Tayer, c/o Assara Laser, 7 W. 51st St., 2nd Fl., NY, NY 10019 in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant. and mailing certified mail return receipt requested # 7007 0220 0003 9337 8506

**DESCRIPTION**
☐ Male   ☒ White Skin   ☐ Black Hair   ☐ White Hair   ☐ 14-20 Yrs.   ☐ Under 5'   ☐ Under 100 Lbs.
☒ Female   ☐ Black Skin   ☒ Brown Hair   ☐ Balding   ☒ 21-35 Yrs.   ☐ 5'0"-5'3"   ☒ 100-130 Lbs.
☐ Yellow Skin   ☐ Blonde Hair   ☐ Mustache   ☐ 36-50 Yrs.   ☒ 5'4"-5'8"   ☐ 131-160 Lbs.
☐ Brown Skin   ☐ Gray Hair   ☐ Beard   ☐ 51-65 Yrs.   ☐ 5'9"-6'0"   ☐ 161-200 Lbs.
☐ Red Skin   ☐ Red Hair   ☐ Glasses   ☐ Over 65 Yrs.   ☐ Over 6'   ☐ Over 200 Lbs.

Other identifying features:

**WITNESS FEES** ☐ $ _____ the authorizing traveling expenses and one days' witness fee:
☐ was paid (tendered) to the recipient
☐ was mailed to the witness with subpoena copy.

**MILITARY SERVICE** ☒ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.
Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on
Feb. 19, 2008

STANLEY FEINMAN
NOTARY PUBLIC, State Of New York
No. 4792237
Qualified in Nassau County
Term Expires Aug 31, 2009

Peter Olphie

❦AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE Feb. 19, 2008 |
| NAME OF SERVER (PRINT) Peter Olphie | TITLE NYS Lic Private Investigator |

*Check one box below to indicate appropriate method of service*

Service on Dr. Sam Tayer

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): On Feb. 19, 2008 at 9:27AM I Served Elizabeth Botte, employee of Assara Laser, employee of Dr. Sam Tayer, at Assara Laser, 2nd Fl., 7 W. 51st St., NY, NY 10019 - female - 5' 7" - 120 lbs - 25 years - Brn Hair - Wht Skin - AND mailed copies of documents first class mail and Certified mail return receipt requested #7007 0220 0003 9337 8506

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   Feb. 19, 2008
                    Date

Signature of Server

Roslyn, NY
Address of Server

STANLEY FEINMAN
NOTARY PUBLIC, State Of New York
No. 4792237
Qualified in Nassau County
Term Expires 2/3/2009

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Southern_____ District of _____New York_____

ROMEO & JULIETTE LASER HAIR REMOVAL, INC.,
d/b/a ROMEO & JULIETTE HAIR REMOVAL,

          Plaintiff,

V.

ASSARA I LLC., d/b/a ASSARA LASER CENTER NYC,
ASSARA LASER and MANHATTAN LASER HAIR REMOVAL,
JAY SHUMAN a/k/a JEROME SHUMAN, WILL SHUMAN
and DR. SAM TAYER,

          Defendants.

**SUMMONS IN A CIVIL ACTION**

08 CV 0442 (TPG)
CASE NUMBER: ECF CASE

*[Stamp: JUDGE GRIESA]*
*[Stamp: 08 CV 0442]*

TO: (Name and address of Defendant)
Dr. Sam Tayer
7 West 51st Street
2nd Floor
New York, New York   10019

    **YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

BUTLER, FITZGERALD, FIVESON & McCARTHY, A Professional Corporation
350 Fifth Avenue, Suite 6215, New York, New York 10118
(212) 615-2200

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. M[...] [signature]

CLERK

[signature]
(By) DEPUTY CLERK

JAN 1 7 2008

DATE

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

JOEL JEAN, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides at 36 West 44th Street, Suite 816, New York, New York 10036. That on 5th day of August, 2008, deponent served the within **REPLY AFFIDAVIT OF CHRISTIAN KARAVOLAS IN OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT** upon:

Will Shuman, Esq. (individually and as attorney for all defendants)
235 West 48th Street
Apartment 29D
New York, New York   10036
will@assaralaser.com (e-mail)

by depositing a true copy of same enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

_____
JOEL JEAN

Sworn to before me this
5th day of August, 2008

_____
Notary Public

GERALDINE PERRY
Notary Public, State of New York
No. 01PE497 9187
Qualified in New York County
Commission Expires Dec. 1, 2010