UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
ROMEO & JULIETTE LASER HAIR
REMOVAL, INC.,

                         Plaintiff,

     – against –

ASSARA I LLC, et al.,

                      Defendants.
------------------------------------------------x

08 Civ. 0442 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/09

      This case concerns allegations that defendants infringed plaintiff's trademark. Plaintiff has moved for partial summary judgment as to liability and for a permanent injunction prohibiting defendants from future use of its mark. Defendants have cross-moved for summary judgment and for sanctions under Rule 11. The motions are denied.

## Background

      Plaintiff Romeo & Juliette provides laser hair removal services in New York City under the trade name "Romeo & Juliette Hair Removal." "Romeo & Juliette Hair Removal" is not a registered trademark, but plaintiff contends that it has used that term and related marks (such as "Romeo & Juliette") since at least 2000.

      Romeo & Juliette operates a website and advertises through the use of "sponsored links" on search engine websites. Sponsored links operate in the following manner. An advertiser pays a search company,

such as Google, for a brief advertisement that appears on the screen in response to a relevant search query and includes a link to the advertiser's website.

Defendants operate a competing laser hair removal business in New York City known as Assara. Assara also uses a website and sponsored links to advertise its services.

In September 2007, according to Romeo & Juliette, the Google search results for the search term "romeo & juliette laser" displayed a sponsored link that read as follows:

>Romeo And Juliette Laser
>Unlimited Laser Hair Removal
>$599/Month.  Free Consultations.
>www.assaralaser.com
>New York, NY

Clicking on "www.assaralaser.com" allowed a user to connect to a website displaying information about Assara. The second line of that website read, "romeo juliette laser – Unlimited Laser Hair Removal - $599/Month.  Free Consultations." Thus, Assara appeared to be using Romeo & Juliette's marks to direct customers interested in Romeo & Juliette to Assara's website. Upon discovering the use of its mark on the Assara website, Romeo & Juliette's president contacted ReachLocal, the company hosting the website, and asked that the reference to Romeo & Juliette be removed. ReachLocal immediately complied.

Defendants claim that Assara's sponsored links and website never contained a reference to Romeo & Juliette, and that they never

authorized their advertisements to refer to Romeo & Juliette. Defendants also note that Assara's sponsored-link advertising was managed by ReachLocal, the third-party company that plaintiff acknowledges hosted the offending website. Finally, defendants state that the version of the Assara website described by plaintiff was a replica of Assara's actual website (i.e., a "mirror" site) that was hosted by ReachLocal, and indicate (though they avoid stating so explicitly) that ReachLocal added the reference to Romeo & Juliette only to the ReachLocal version of Assara's website.

Romeo & Juliette claims that defendants' actions constituted trademark infringement under three provisions of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(c), and under New York common law. Romeo & Juliette also alleges that these actions constituted deceptive business practices in violation of New York General Business Law § 349.

## Infringement

A party is only entitled to summary judgment when it can demonstrate that there exists no genuine issue of material fact. Fed. R. Civ. P. 56(c). In a trademark infringement case under the Lanham Act, a plaintiff must demonstrate that the mark is entitled to protection, the defendants used the mark without permission in commerce and in connection with the sale or advertising of goods or services, and the use is likely to cause confusion as to the origin of the services or the association of the plaintiff and defendant. 1-800 Contacts, Inc. v.

WhenU.com, Inc., 414 F.3d 400, 407 (2d Cir. 2005).  The same standard applies to plaintiff's state law claims.  Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc., 973 F.2d 1033, 1048 (2d Cir. 1992).

   Defendants do not dispute that most of these elements are satisfied in this case, but they do dispute that they used the mark.  Indeed, plaintiff has not conclusively established that it was defendants who used the mark.  The only evidence produced by plaintiff in this regard is images of the advertisement and website, and an affidavit by plaintiff's president.  This evidence demonstrates that the use occurred, and that the other elements of infringement are satisfied, but it does not establish that it is defendants who should be held liable.  Since defendants maintain that they had no knowledge of or involvement in those advertisements, there is a genuine issue of fact with regard to their role.  It is, for instance, possible that the infringing advertisements resulted solely from the actions of ReachLocal, the third party that Assara hired to manage its advertisements, without any involvement by defendants themselves.  There is therefore insufficient evidence at this stage in the litigation to grant summary judgment to plaintiffs.

   Defendants argue that they are entitled to summary judgment because any use of the mark in this context was non-infringing.  In support of this argument, they invoke the Second Circuit's holding that a "company's internal utilization of a trademark in a way that does not communicate it to the public" is non-infringing.  1-800 Contacts, 414

F.3d at 409. Thus, if defendants had paid Google to display Assara's advertisement in response to a search for "Romeo & Juliette," without having the advertisement itself contain a reference to Romeo & Juliette, that would not have been a "use" of the mark. See, e.g., Merck & Co. v. Mediplan Health Consulting, Inc., 452 F. Supp. 2d 402, 415-16 (S.D.N.Y. 2006). In this case, however, plaintiff alleges that the use of its mark was in Assara's advertisement itself, as well as on the face of Assara's website. Therefore, the cases approving of the "internal utilization" of a trademark are inapposite. On the other hand, plaintiffs have demonstrated that the other elements of infringement are satisfied. There is thus no basis for granting summary judgment to defendants.

### Individual Defendants

Defendants also contend that the claims against the individual defendants should be dismissed.

First, they argue that because Assara is a limited liability company, the individual defendants cannot be held liable for trademark infringement. However, if the individual defendants actively participated in the infringement, they may nonetheless be held individually liable. See Cartier, Inc. v. Four Star Jewelry Creations, Inc., No. 01 Civ. 11295, 2004 WL 169746, at *2 (S.D.N.Y. Jan. 28, 2004).

Second, they claim that because defendant Tayer is a resident of Canada, he was not properly served because service was not effected through the Hague Convention. However, the complaint alleges that

Tayer is a citizen of New York and a "principal" of Assara. An affidavit submitted by plaintiff indicates that Tayer was served by delivering the relevant documents to an Assara employee at Assara's offices in New York, and by mailing copies of the documents to Assara's offices. Defendants do not dispute these allegations.

Plaintiff therefore served Tayer by delivering and mailing the summons to his New York place of business. This method of service is plainly sufficient under New York law. See N.Y. C.P.L.R. § 308(2); Fed. R. Civ. P. 4(e)(1). Plaintiff was therefore not required to follow Hague Convention procedures, which need not be invoked unless there is no method of serving a defendant within a "judicial district of the United States." Fed. R. Civ. P. 4(f).

There is therefore no basis for dismissing the claims against the individual defendants.

### Sanctions

Defendants move for sanctions under Rule 11 on the ground that plaintiff's complaint was frivolous. For the reasons set forth above, the complaint was not frivolous. Defendants' motion for sanctions is therefore denied.

## Conclusion

Plaintiff's motion for partial summary judgment and defendants' cross-motion for summary judgment are denied.  Defendants' motion for sanctions is also denied.

SO ORDERED.

Dated: New York, New York
       March 20, 2009

*Thomas P. Griesa*

Thomas P. Griesa
U.S.D.J.