# MEMO ENDORSED

## LAW OFFICES
## BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
NINE EAST 45TH STREET
NINTH FLOOR
NEW YORK, NEW YORK 10017
www.bffmlaw.com

Claudia G. Jaffe
212-615-2230
cjaffe@bffmlaw.com

Telephone 212-615-2200
Facsimile 212-615-2215

April 9, 2014

**VIA ELECTRONIC FILING**
Magistrate Judge Frank Maas
Daniel Patrick Moynihan Building
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC et al.
08 Civ 00442 (TPG)(FM)
Request For Entry of Judgment Pursuant to Order dated July 2, 2013
Our File No. 3589/05573

Dear Magistrate Judge Maas:

> In her March 20 letter, Ms. Jaffe seeks a partial judgment, which ordinarily is disfavored. Moreover, as she accurately notes, this case remains active. Accordingly, because there has been no showing that this is an unusual case in which partial judgment should be granted, plaintiffs' request is denied. I respectfully suggest that Ms. Jaffe seek a final judgment incorporating my award from the Judge Griesa at the conclusion of the case.
>
> /s/ FMaas, USMJ, 4/11/14

This firm represents plaintiff Romeo & Juliette Laser Hair Removal, Inc. ("Plaintiff"). We write further to our letter of March 20, 2014 (ecf no.171) requesting the Court enter a judgment of counsel fees pursuant to the Court Order of July 2, 2013, and in reply to the letter in opposition of Defendant/Defendants' attorney Will Shuman dated April 4, 2014 (ecf no. 172).

Once again, Mr. Shuman has distorted the truth.

The facts concerning the issuance of the Order are well-noted on the record of the action. On January 10, 2013, Plaintiff and the undersigned appeared before the Court in person for a discovery conference. Mr. Shuman failed to appear for the conference in person, and ultimately was permitted to appear telephonically. During the conference, the Court determined that Defendants' discovery response was "wholly insufficient" and invited Plaintiff to submit an application for counsel fees pursuant to Fed. R. Civ. P. 37.

Plaintiff thereafter submitted its application for counsel fees. Pursuant to this Court's Memorandum Decision and Order dated July 2, 2013 (ecf no. 158), Your Honor granted Plaintiff's application to the extent of awarding $6,945.00 in fees. The Court had jurisdiction of

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/14

the matter at the time it heard argument on the matter. The Court had jurisdiction at the time it rendered its determination on July 2, 2013.

Defendants never served a notice of motion seeking to vacate the July 2, 2013 Order. Indeed Defendants filed only "objections" to the Order. See ecf no. 161. The Order remains in effect.

The parties last appeared before this Court on September 19, 2013. During that appearance, Plaintiff advised the Court, Hon. Thomas A. Griesa presiding, that at that point in the litigation it was seeking only injunctive relief plus its counsel fees and costs of the action. On September 19, 2013, Judge Griesa entered an Order (ecf no. 163) that states, in part, that, "[i]n the event that injunctive relief is indeed sought, the complaint must be amended and the grounds for granting such relief must be set forth." The Court dismissed the complaint and, sua sponte, granted Plaintiff leave to amend the complaint. Plaintiff amended the complaint on October 1, 2013. The complaint remains pending before this Court, which continues to have jurisdiction of the action.

In Defendants' letter of April 4, 2014, Defendant/attorney Shuman omits mentioning that the September 19, 2013 Order granted Plaintiff leave to amend the complaint. Mr. Shuman also omits mentioning that Plaintiff did, in fact, amend the complaint and that the action is still pending before this Court.

Most significantly, Mr. Shuman misrepresents the plain language of the September 19, 2013 Order. Defendant Shuman states, "**the Court ruled that it had no jurisdiction to enter the July 2, 2013 Order.**"

Judge Griesa made no such ruling. **The September 19, 2013 Order contains no ruling as to the jurisdiction of the Court to enter the July 2, 2013 Order.**

It is unlikely that the fact Mr. Shuman omitted certain critical matters from his letter, and the fact he made a misrepresentation to Your Honor as to the purported "ruling" vis-à-vis the July 2, 2013 Order are matters of mere carelessness or the products of haste. Defendants took more than two full weeks to proffer a response to Plaintiff's March 20, 2014 letter. Defendants only responded after Your Honor advised that if Mr. Shuman wished to respond, his response would need to be received by the Court by April 4, 2014. See ecf no. 171.

       Once again, the veracity of Mr. Shuman's representations to the Court must be questioned.[1]

       Wherefore, Plaintiff respectfully requests this Court enter a judgment against Defendants and awarding Plaintiff $6,945.00 plus interest calculated from July 2, 2013.

       Respectfully submitted,

*Claudia G. Jaffe*
Claudia G. Jaffe

cc:    Hon. Thomas P. Griesa (by ecf filing)
       Will Shuman, Esq. (by ecf filing)

---

[1] The undersigned respectfully refers Your Honor to: (i) the transcript of proceedings held January 10, 2013 and February 1, 2013, during which the Court addressed whether Mr. Shuman had lied in certain representations he made to the Court; and (ii) the Order dated February 5, 2013 (ecf no. 138) (924 F.Supp.2d 205, 207 (2013)), wherein the Court ultimately determined Mr. Shuman made "blatantly false" representations to the Court and sanctioned him for his conduct.