UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------
                                              x
                                              :
ROMEO & JULIETTE LASER HAIR            :
REMOVAL, INC.,                               :
                        Plaintiff,      :        08-CV-442 (TPG)(FM)
                                              :
            – against –                      :            **<u>OPINION</u>**
                                              :
ASSARA I LLC, et al.,                     :
                                              :
                        Defendants.     :
                                              :
------------------------------------------------
                                              x

    This case involves rival hair-removal businesses. Plaintiff Romeo & Juliette Laser Hair Removal, Inc. alleges that defendants Assara I, LLC and its principals used plaintiff's marks, purchased deceptive search-result advertisements through Google Inc., and posted fraudulent reviews to consumer websites to divert customers away from plaintiff's business to defendants' business. Plaintiff sued defendants asserting false designation of origin, unfair competition, trademark infringement, and other claims brought under the Lanham Act and New York law. Defendants have filed a motion to dismiss. For the following reasons, the Court will deny the motion in part and grant the motion in part.

Procedural Background

    On January 17, 2008, plaintiff served defendants with a complaint ("Original Complaint" or "OC") asserting five causes of action for trademark infringement and unfair competition. The Original Complaint survived

cross motions for summary judgment. However, on April 1, 2009 plaintiff amended the Original Complaint ("First Amended Complaint" or "FAC") to include federal-law claims for unfair competition and state-law claims for defamation, unfair competition, and disparagement. In February of 2013, defendants filed a motion to dismiss the First Amended Complaint.

At a hearing on the motion to dismiss the First Amended Complaint, plaintiff indicated that it sought injunctive relief against defendants. However, plaintiff did not include a claim for injunctive relief in the First Amended Complaint. Consequently, the Court granted defendants' motion to dismiss, but *sua sponte* gave plaintiff leave to amend the complaint a second time. Plaintiff filed a second amended complaint ("Second Amended Complaint" or "SAC") on October 1, 2013. Defendants have moved to dismiss the Second Amended Complaint.

<u>The Complaint</u>

Plaintiff provides laser hair-removal services in the New York City area. Defendants operate a competing laser hair-removal business. Plaintiff uses the names and marks "Romeo & Juliette" and "Romeo & Juliette Laser" to advertise its services on the internet. Plaintiff claims that in 2007, defendants purchased the search phrase[1] "Romeo & Juliette" from Google Inc. so that whenever the public searched for "Romeo &

---

[1] A search phrase is a word or set of words a user types into an internet search engine to find the content the user hopes to access.

- 2 -

Juliette" a sponsored link[2] to defendant Assara's website would appear. Plaintiff also claims that defendants used its name and mark "Romeo Juliette Laser" in hidden links and text on its websites in order to deceive the public into believing plaintiff sponsored defendants' hair-removal services. Finally, plaintiff alleges that defendants published defamatory statements about plaintiff and its services on public websites hosting customer reviews and evaluations.

Plaintiff asserts eleven counts in the Second Amended Complaint: (1) use of a false designation of origin or false and misleading representation of fact in violation of 15 U.S.C. § 1125(a)(1); (2) dilution of a famous mark in violation of 15 U.S.C. § 1125(c); (3) engaging in unfair business practices in violation of New York General Business Law § 349; (4) trademark infringement in violation of New York common law; (5) unfair competition in violation of 15 U.S.C. § 1125(a); (6) common law defamation; (7) unfair competition under New York State law; (8) common law disparagement; (9) making false, misleading, and defamatory statements concerning plaintiff's business in violation of the Lanham Act, 15 U.S.C. §§ 1116 and 1125; (10) making false and misleading statements about Plaintiff's business in violation of New York General Business Law

---

[2] Sponsored links operate in the following manner.  An advertiser pays a search company, such as Google, for a brief advertisement that appears on the screen in response to a relevant search query and includes a link to the advertiser's website.

§ 349; and (11) "a claim for injunctive relief for under [sic] New York common law." Plaintiff seeks damages, fees, costs, and injunctive relief.

Discussion

**A. Whether Plaintiff Has Sufficiently Stated its Claims.**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. In deciding the motion, the court accepts as true all well-pleaded allegations contained in the complaint and draws all reasonable inferences in favor of the plaintiff. See Twombly, 550 U.S. at 555-56. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

1. **Count One: False Designation of Origin in Violation of the Lanham Act; Counts Four, Five, Seven, and Nine: Trademark Infringement and Unfair Competition Under Federal and State Law.**

Defendants argue that plaintiff has failed to state its claims under the Lanham Act and New York common law. The purpose of the Lanham Act is to "make actionable the 'deceptive and misleading use of marks' and to 'protect those engaged in commerce from unfair competition.'" Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 28 (2003) (quoting

15 U.S.C. § 1127). A "false designation of origin" claim under Section 43(a) allows a plaintiff to recover where a defendant uses false or misleading representations of fact so as to cause confusion between the defendant's goods or services and the plaintiff's goods or services. See 15 U.S.C. § 1125(a). Claims under New York common law for trademark infringement and unfair competition mirror claims under the Lanham Act. Lorillard Tobacco Co. v. Jamelis Grocery, Inc., 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005).

Because of this similarity, courts use matching tests in analyzing claims for false designation of origin, trademark infringement, and unfair competition under the Lanham Act and New York common law. See, e.g., Richemont N. Am., Inc. v. Huang, No. 12-CV-4443, 2013 WL 5345814, at *5 n.15 (S.D.N.Y. Sept. 24, 2013). Each of these claims requires a plaintiff to show: (1) the existence of a valid mark that is entitled to protection; and (2) that the defendant's actions are likely to cause confusion with the plaintiff's mark. Morningside Grp. Ltd. v. Morningside Capital Grp., LLC, 182 F.3d 133, 137 (2d Cir. 1999). A claim for unfair competition under New York common law requires the plaintiff to satisfy an additional element and show that the defendant's conduct was in bad faith. Lorillard, 378 F. Supp. 2d at 456.

A mark is "valid" if it is inherently distinctive, or if it has acquired some secondary meaning rendering the mark and the business synonymous in the eyes of the public. Time, Inc. v. Petersen Pub. Co.

L.L.C., 173 F.3d 113, 117 (2d Cir. 1999). With regard to whether the defendant's actions are likely to cause confusion, courts apply an eight factor, factually-intensive inquiry. Polaroid Corp. v. Polarad Elecs. Corp., 287 F.2d 492, 495 (2d Cir. 1961). This lengthy factual analysis does not, of course, lend itself to review of a motion to dismiss. See The Name LLC v. Arias, No. 10-CV-3212, 2010 WL 4642456, at *5 (S.D.N.Y. Nov. 16, 2010). At this stage, courts confine their review to a more general analysis of whether a defendants' use of the plaintiff's marks is likely to cause confusion. See, e.g., Van Praagh v. Gratton, 993 F. Supp. 2d 293, 303 (E.D.N.Y. 2014).

Here, plaintiff has alleged sufficient facts to show it held a valid mark entitled to protection. For many years, plaintiff offered laser hair-removal services under the mark "Romeo & Juliette Laser Hair Removal" and marketed its service using those terms. SAC ¶¶ 12-13. Plaintiff also made "considerable" investments in online advertisements using those terms. SAC ¶ 13. Taken together, these facts suggest that the terms "Romeo & Juliette Laser Hair Removal" were distinctive enough to warrant protection under the Lanham Act, or to render them synonymous with plaintiff's business in the eyes of the public. Thus, plaintiff has made a plausible showing with regard to the first element of its false designation of origin, trademark infringement, and unfair competition claims.

Plaintiff has also alleged sufficient facts to satisfy the confusion element of the claims. Plaintiff alleges that defendants purchased the

search phrase "Romeo & Juliette" from Google Inc., so that whenever the public searched for plaintiff's mark a sponsored link to defendants' website would appear. SAC ¶ 17. Moreover, plaintiff alleges defendants used its name and marks on hidden links on Assara's website. SAC ¶ 18. This alleged conduct was likely to confuse the public as to whether Assara I, LLC and Romeo and Juliette Laser Removal Inc. were connected, because a person searching on the internet for hair-removal services using plaintiff's marks stood a strong chance of being directed to defendants' website.

Moreover, plaintiff has sufficiently alleged that defendants' actions were willful and in bad faith. Defendants' conduct in posting negative reviews to consumer websites would harm plaintiff's business. See SAC ¶ 25. Thus, plaintiff has made a sufficient showing with regard to the final element of its claims for false designation of origin and unfair competition under the Lanham Act, and trademark infringement and unfair competition under New York common law. Defendants' motion to dismiss is denied with regard to counts one, four, five, seven, and nine of the Second Amended Complaint.

### 2. Count Two: Dilution of a Famous Mark in Violation of Section 43(c) of the Lanham Act.

Defendants argue that plaintiff has failed to state a claim for dilution under Section 43(c) of the Lanham Act. To state a claim for dilution, a plaintiff must allege facts showing: (1) ownership of a famous mark; and

(2) that the defendant's use of the mark risks "diluting" its distinctiveness. 15 U.S.C. § 1125(c)(1). A mark is famous if it is "widely recognizable by the general consuming public of the United States." 15 U.S.C. § 1125(c)(2). Dilution may occur through "tarnishment" or "blurring," whereby the defendant either harms the mark's reputation or risks associating the famous mark with less famous marks. 15 U.S.C. § 1125(c)(2). A plaintiff who prevails on a dilution claim will be entitled to injunctive and other relief. 15 U.S.C. § 1125(c)(5).

The Second Amended Complaint alleges facts showing plaintiff held a famous mark. Plaintiff asserts that its marks were used widely in advertisements on the internet and that its services were readily searchable through internet search engines. SAC ¶¶ 13-15. Moreover, plaintiff claims that defendants' purchase of sponsored links of the terms "Romeo & Juliette Laser" and use of the marks in hidden links and texts on Assara's website deceived the public as to the origin of defendants' hair-removal services. SAC 17-18. Finally, plaintiff asserts that defendants used the marks in posting negative reviews on consumer review websites which were likely to harm plaintiff's online reputation. SAC ¶ 25.

This is all a sufficient allegation that defendants used the plaintiff's famous mark in a manner that damaged its reputation and inappropriately associated it with defendants' rival hair-removal service. Thus, plaintiff has adequately stated its claim for dilution under Section 43(c) of the

Lanham Act. Defendants' motion to dismiss is denied with regard to count two of the Second Amended Complaint.

### 3. Counts Three and Ten: Deceptive Business Practices and False and Misleading Statements Under § 349 of the New York General Business Law.

Plaintiff asserts claims for deceptive business practices and false and misleading statements under Section 349 of the New York General Business Law. Section 349 makes unlawful "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y.G.B.L. § 349(a). To state a claim under Section 349, a plaintiff must show (1) that the challenged act or practice was consumer oriented; (2) that it was misleading in a material way; and (3) that plaintiff suffered injury as a result of the deceptive act. Stutman v. Chem. Bank, 95 N.Y.2d 24, 29 (2000).

Section 349 is, at its core, a consumer protection law. Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256, 264 (2d Cir. 1995). As such, where a corporation brings a Section 349 claim, "the gravamen of the complaint must be consumer injury or harm to the public interest." MyPlayCity, Inc. v. Conduit Ltd., No. 10-CV-1615, 2012 WL 1107648, at *15 (S.D.N.Y. Mar. 30, 2012). Consequently, the prevailing view in the Second Circuit is that "trademark infringement claims are not cognizable under § 349 unless there is specific and substantial injury to the public interest over and above the ordinary trademark infringement." Perfect Pearl Co. v. Majestic Pearl & Stone, Inc., 887 F. Supp. 2d 519, 543

(S.D.N.Y. 2012) (internal marks omitted). The critical question, then, is whether the matter affects the public interest. Securitron, 65 F.3d at 264. To satisfy this standard, the injury must include some potential danger to the public health or safety. La Cibeles, Inc. v. Adipar, Ltd., No. 99-CV-4129, 2000 WL 1253240, at *15 (S.D.N.Y. Sept. 1, 2000).

Here, plaintiff has alleged sufficient facts to satisfy the first three elements of a Section 349 claim. Defendants' alleged conduct was consumer oriented because it sought to divert consumers who searched online for plaintiff's hair-removal service to defendants' website. SAC ¶ 20. This conduct was, by its nature, misleading and likely to injure plaintiff's business reputation. See SAC ¶ 22.

A more difficult question is whether the Second Amended Complaint shows that the public interest was affected by defendants' conduct. Most of plaintiff's allegations concern injury to its marks and business. SAC ¶¶ 12-24. Plaintiff has not in any way cast its claims as injuring the public interest. It does allege that defendants posted negative reviews of its business to public consumer-review websites. SAC ¶ 25. This conduct could arguably affect the public interest in an abstract sense, but the plaintiff provides no facts showing the public health or safety were injured. If plaintiff had alleged that defendants' rival laser hair-removal services were unsafe or caused injuries, then the Section 349 claim would be sufficiently stated. However, plaintiff provides no facts showing how defendants' conduct injured the public interest, as opposed to simply

injuring its own business reputation. Thus, while plaintiff's burden at this stage is low, it has failed to allege sufficient facts to create a plausible claim for relief on its Section 349 claims. Counts three and ten are dismissed.

### 4. Counts Six and Eight: Common Law Defamation and Disparagement.

Plaintiff asserts claims for defamation and disparagement in violation of New York common law. The elements of a defamation cause of action are: (1) a defamatory statement of fact concerning the plaintiff; (2) publication to a third party by the defendant; (3) falsity of the defamatory statement; (4) some degree of fault; and (5) special damages or *per se* actionability. Chamilia, LLC v. Pandora Jewelry, LLC, No. 04-CV-6017, 2007 WL 2781246, at *12 (S.D.N.Y. Sept. 24, 2007). With minor differences, the same elements apply to a claim for disparagement. Kirby v. Wildenstein, 784 F. Supp. 1112, 1115 (S.D.N.Y. 1992).

The first element of the claims requires the statement to have been defamatory or disparaging. A statement is defamatory if it would "tend to expose one to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation or disgrace." Stern v. Cosby, 645 F. Supp. 2d 258, 272 (S.D.N.Y. 2009). A statement is disparaging if it reflects negatively on the quality of a business's products or services. See Kirby, 784 F. Supp. at 1115.

The second, third, and fourth elements of the claims require that the statement be published to a third party, that the statement be false, and

that there be some degree of fault on the defendant's part. A statement is published if it is communicated to a third party. Medcalf v. Walsh, 938 F. Supp. 2d 478, 485 (S.D.N.Y. 2013). Of course, a statement is false if it is not true. Under New York law, the degree of fault required is one of malice, meaning the defendant made the statement with "with deliberate intent to injure," "out of hatred, ill-will or spite" or "with willful, wanton or reckless disregard of another's rights." Celle v. Filipino Reporter Enterprises Inc., 209 F.3d 163, 174 (2d Cir. 2000); Alternative Electrodes, LLC v. Empi, Inc., 597 F. Supp. 2d 322, 337 (E.D.N.Y. 2009).

The final element of the claims requires the plaintiff to show special damages or *per se* actionability. "Special damages consist of the loss of something having economic or pecuniary value which must flow directly from the injury." Celle v. Filipino Reporter Enterprises Inc., 209 F.3d 163, 179 (2d Cir. 2000). There are exceptions to the special damages requirement for both defamation and disparagement claims. With regard to defamation, a statement is defamatory *per se* if it impugns "the basic integrity" of a business. Boule v. Hutton, 328 F.3d 84, 94 (2d Cir. 2003). With regard to product disparagement, a plaintiff need not plead specific damages if the nature of the plaintiff's business makes it difficult, if not impossible, to identify which customers have been lost. Charles Atlas, Ltd. v. Time-Life Books, Inc., 570 F. Supp. 150, 156 (S.D.N.Y. 1983).

Here, plaintiff alleges that defendants posted disparaging and false reviews of its business on consumer-review websites including "Yelp.com"

and "HairTell.com." SAC ¶ 25. This alleged conduct satisfies the first three elements of the claims. The statements were defamatory and disparaging since they maligned plaintiff's business and undermined the quality of its services. A consumer who visited a public website such as "Yelp.com" to ascertain the quality of plaintiff's hair-removal services would view defendants' negative reviews and conclude that plaintiff's services were substandard. See SAC ¶ 25. These same facts satisfy the publication and malice elements, in that the statements were published to third party visitors to the websites and were ostensibly made by defendants as part of its strategy to divert customers away from plaintiff's business. SAC ¶ 20.

With regard to the special damages component of its claims, plaintiff has not alleged how much money it lost or the number of customers that were diverted from its website. Since all of defendants' alleged misconduct occurred online, SAC ¶¶ 13-25, it is impossible at this stage to determine which customers plaintiff actually lost. Nonetheless, plaintiff alleges that defendants' conduct resulted in "lost sales and diminution of goodwill and business reputation." SAC ¶ 22. This is sufficient to satisfy the damages requirement of the claims. Furthermore, it is plausible that defendants' conduct in posting negative reviews on consumer websites maligned the basic integrity of plaintiff's business and thus amounted to defamation *per se*. Consequently, plaintiff has satisfied the final element of its defamation and disparagement claims.

Plaintiff has alleged sufficient facts to state a plausible claim for relief on its defamation and disparagement claims. Thus, defendants' motion to dismiss is denied with regard to counts six and eight of the Second Amended Complaint.

### 5. Count Eleven: A Claim for Injunctive Relief Under the Common Law.

Count eleven of the Second Amendment Complaint is labeled "a claim for injunctive relief for under [sic] New York common law." It is unclear what claims plaintiff is asserting under this count. Count eleven essentially restates claims previously asserted for unfair competition, defamation, and disparagement. SAC ¶¶ 90-96.

While a complaint is to be construed liberally in the plaintiff's favor, the court may reject allegations that are not well-pleaded. See Twombly, 550 U.S. at 555-56. Thus, district courts will dismiss claims alleged in a complaint that are redundant of other claims. See, e.g., Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 125 (2d Cir. 2013). Here, plaintiff has already asserted numerous federal and state law claims for deceptive business practices (count three); unfair competition (counts five and seven); defamation (count six); disparagement (count eight); and false and misleading statements (count ten). SAC ¶¶ 26-69. Plaintiff's claim "for injunctive relief for under [sic] New York common law" simply reasserts these claims, and is therefore redundant. Defendants' motion to dismiss is granted with regard to count eleven.

**B. Whether Plaintiff Abandoned Its Claims.**

Defendants argue that plaintiff has abandoned its claims arising under the Lanham Act and New York common law. A plaintiff abandons a claim where he raises it in the complaint but remains silent on the issue elsewhere in the record. Dineen v. Stramka, 228 F. Supp. 2d 447, 454 (S.D.N.Y. 2002). At the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim. See Martinez v. Sanders, No. 02-CV-5624, 2004 WL 1234041, at *2–3 (S.D.N.Y. June 3, 2004). While review of a motion to dismiss is limited to the four corners of the complaint, the fact that a complaint has been amended will be relevant if the plaintiff attempts to revive causes of action that were removed from previous versions of the complaint. See Ping Tou Bian v. Taylor, 23 F. App'x 75, 76 (2d Cir. 2001) (affirming dismissal of causes of action that had been pleaded in the original complaint, omitted from the amended complaint, and reasserted in another amended complaint).

Defendants argue that plaintiff abandoned its claims for trademark infringement. However, these claims are clearly presented in the Second Amended Complaint. Moreover, comparing the Original Complaint, the Amended Complaint, and the Second Amended Complaint reveals that at no point were these claims excised from the pleadings and then reinserted. See OC ¶¶ 29-32. While the Second Amended Complaint does omit one

count arising under 15 U.S.C. § 1114, it preserves claims arising under Section 43 of the Lanham Act and New York common law.

Defendants suggest plaintiff abandoned its claims for damages on these claims at a hearing before Magistrate Judge Maas on January 10, 2013. This argument alleges facts outside of the pleadings. Nonetheless, even if the Court were to consider the hearing, it appears that plaintiff merely abandoned its claims for *monetary damages* for trademark infringement, but preserved its claims for attorneys' fees and costs. See Tr. Civ. Cause Disc. Disputes. 45:8-16, Jan. 10, 2013.

Thus, defendants' argument that the claims were abandoned is without merit. Plaintiff has consistently pleaded claims under the Lanham Act and New York common law. At no point did plaintiff abandon these claims and then attempt to reinsert them into a new complaint.

## C. Whether the Statute of Limitations Bars Plaintiff's State Law Claims.

Defendants argue that the statute of limitations has run on several of plaintiff's state-law claims. Count three, claiming deceptive business practices under New York General Business Law § 349, is subject to a three-year statute of limitations. Gaidon v. Guardian Life Ins. Co. of Am., 96 N.Y.2d 201, 207 (2001). Counts six and eight, claiming common law defamation and disparagement, are subject to one-year statutes of limitation. N.Y. C.P.L.R. § 215(3); Ramsay v. Mary Imogene Bassett Hosp., 113 A.D.2d 149, 151 (N.Y. 1985). Count seven, claiming common law

unfair competition, is subject to a three year statute of limitations. Norbrook Labs. Ltd. v. G.C. Hanford Mfg. Co., 126 F. App'x 507, 509 (2d Cir. 2005).

A new claim in an amended pleading relates back to the original pleading if it arose out of the same conduct, transaction, or occurrences. Fed. R. Civ. P. 15(c)(1)(B). The central inquiry is whether the facts alleged in the original pleading gave the defendant adequate notice of the claim within the period of the statute of limitations. Stevelman v. Alias Research Inc., 174 F.3d 79, 86 (2d Cir. 1999). A similar standard applies under New York law. See N.Y. C.P.L.R. 203(f).

The facts alleged in the Original Complaint and First Amended Complaint are roughly identical to the facts alleged in the Second Amended Complaint. There are minor differences in sentence structure. Compare OC ¶¶ 16-17 with SAC ¶¶ 17-18. However, the only significant difference is the addition of a paragraph alleging that defendants published false statements about plaintiff and its business on public websites that host customer reviews. SAC ¶ 25. Since the facts contained in all three complaints are substantially identical, with the exception of paragraph 25, it is apparent that the allegations in the Second Amended Complaint arose out of the same transaction and occurrences alleged from the start. Each of the claims concerns what plaintiff characterizes as "conduct . . . specifically initiated to divert consumers and customers of Plaintiff's business to that of the defendants." OC ¶ 19; SAC ¶ 20. Defendants have

- 17 -

had adequate notice of these facts since 2008. Thus, the claims asserted in the Second Amended Complaint relate back to the filing of the Original Complaint in January of 2008. As such, none of plaintiff's claims are time barred.

**D. Whether the Complaint Should Be Dismissed as to the Individual Defendants.**

Defendants argue that the conduct alleged in this case does not warrant disregarding Assara I, LLC's corporate form. Courts are reluctant to disregard the corporate form, generally doing so only where there are allegations of fraud, or under an alter-ego theory. Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc., 933 F.2d 131, 139 (2d Cir. 1991). However, it is well established in the Second Circuit that under the Lanham Act, a corporate officer may be held personally liable for trademark infringement and unfair competition if the officer is a moving, active, and conscious force behind the defendant corporation's infringement. KatiRoll Co. v. Kati Junction, Inc., No. 14-cv-1750, 2014 WL 3533963, at *4 (S.D.N.Y. July 16, 2014).

Here, plaintiff alleges that each of the individual defendants is a principal of Assara I, LLC and participated in infringing plaintiff's marks. See SAC ¶¶ 3-6; 14-23. There is a sufficient pleading as to the individual defendants.

## Conclusion

For the reasons given above, defendants' motion to dismiss is denied with regard to counts one, two, four, five, six, seven, eight, and nine. The motion to dismiss is granted with regard to counts three, ten, and eleven.

This opinion resolves the motion listed as document number 165 in this case.

SO ORDERED

Dated: New York, New York
       September 23, 2014

Thomas P. Griesa
U.S. District Judge