LAW OFFICES
## BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
NINE EAST 45TH STREET
NINTH FLOOR
NEW YORK, NEW YORK 10017
www.bffmlaw.com

Claudia G. Jaffe
212-615-2230
cjaffe@bffmlaw.com

Telephone 212-615-2200
Facsimile 212-615-2215

October 29, 2014

BY FIRST CLASS MAIL and ELECTRONIC FILING
Hon. Thomas P. Griesa
Daniel Patrick Moynihan Building
United States Courthouse
500 Pearl Street
Room 1630
New York, New York   10007

Re:   Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC, et al.
      1:08-cv-00442 (TPG)(FM)
      Our File No. 3589/05573

Dear Judge Griesa:

This firm represents Plaintiff Romeo & Juliette Laser Hair Removal, Inc. We write to renew Plaintiff's December 20, 2012 motion for summary judgment (ecf. doc. 59 et seq.) to the extent it seeks: (i) injunctive relief pursuant to 15 U.S.C. 1116(a) and 1125 (a) on its claims for unfair competition; and (ii) Plaintiff's attorney's fees and costs of the action under 15 U.S.C. 1117(a).

The basis for renewal is that this Court's Order dated September 19, 2013 which denied Plaintiff's motion for summary judgment did not decide the motion on the merits, inasmuch as the Order decided that the Court lacked jurisdiction. Wherefore, upon the filing of the Second Amended Complaint which alleges claims for injunctive relief, and this Court's denial of the defendants' motion to dismiss that complaint, the motion for summary judgment should now be decided by this Court. In the alternative, this Court should grant Plaintiff judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that Defendants have failed to answer the Second Amended Complaint and are in default.

*Plaintiff's Motion For Summary Judgment*

On December 20, 2012, Plaintiff moved for summary judgment awarding injunctive relief, attorney's fees and costs. Plaintiff's motion papers appear at ecf docs. 59-97, Defendants' opposition papers appear at ecf docs. 99-107, and 110-111, and Plaintiff's reply

papers appear at ecf docs. 119-120, and 123-135. Plaintiff's motion papers include its Rule 56.1 Statement (ecf doc. 80). In Defendants Rule 56.1 Counterstatement (ecf doc. 110), Defendants did not dispute the material allegations of Plaintiff's Rule 56.1 Statement that certain defamatory reviews about Plaintiff's business were sent from Defendants' business and home IP (Internet Protocol) addresses and from user accounts created by Defendants or their agents or employees.

### *Defendants' Motion to Dismiss*

On February 12, 2013, Defendants moved to dismiss the Amended Complaint for lack of jurisdiction. Plaintiff opposed the motion.

### *Proceedings Held September 18, 2013*

Proceedings were held before this Court on September 18, 2013. Plaintiff's attorney David Fiveson and the undersigned reminded the Court of the summary judgment evidence demonstrating that defamatory reviews about Plaintiff's business were posted under pseudonyms from Defendants' business and home IP addresses and from user accounts created for the Defendants. My firm confirmed that Plaintiff was/is seeking injunctive relief to stop the defamatory reviews from being posted by Defendants. The Court admonished Defendants' attorney Mr. Shuman that the posting of defamatory reviews by Defendants had to stop.

### *The September 19, 2013 Order*

By Order dated September 19, 2013 (ecf doc. 163), the Court granted Defendants' motion to dismiss for lack of jurisdiction, finding that Plaintiff did not seek injunctive relief in the Amended Complaint. The Order stated that if Plaintiff seeks injunctive relief, the complaint needed to be amended, and *sua sponte* granted Plaintiff leave to amend the complaint. The Court denied the motion for summary judgment without discussion, stating, in relevant part, only that, "The court grants defendants' motion to dismiss and granted plaintiff leave to amend the complaint. Plaintiff's motion for summary judgment is denied."

### *Filing of The Second Amended Complaint and Defendants' Motion to Dismiss*

On October 1, 2013 Plaintiff filed its Second Amended Complaint (ecf. doc. 164). Defendants moved to dismiss the Second Amended Complaint by notice of motion dated October 22, 2013 and supporting papers (ecf doc. 165-166, 168). Plaintiff opposed the motion (ecf docs. 167, 170).

### *Entry of the Opinion Denying Defendants' Motion to Dismiss*

This Court denied Defendants' motion to dismiss in an Opinion dated and entered September 23, 2014 (ecf doc. 176). The Court specifically upheld Count 9 of the Second

Amended Complaint, for injunctive relief under the Lanham Act, 15 U.S.C. 1116 and 15 U.S.C. 1125. In addition the Court upheld Counts 1, 2, 4, 5, 6, 7 and 8 of the Second Amended Complaint.

### *Defendants Default In Answering the Second Amended Complaint*

Pursuant to Rule 12(a)(4)(A), Defendants had 14 days from the day they received notice of the Opinion denying their motion to dismiss within which to timely serve their answer(s) to the Second Amended Complaint.

Defendants received notice of the Opinion on September 23, 2014, when the Court sent electronic notice of the Opinion to Defendants' attorney, Will Shuman, Esq. Defendants' answer(s) should have been served by October 7, 2014. Defendants have not requested additional time to serve their answer(s). The time for Defendants to answer has not been enlarged. No answer was served upon my firm or electronically filed. Defendants are therefore in default.

### *Plaintiff's Request To Renew Its Motion For Summary Judgment*

This Court should permit Plaintiff to renew its motion for summary judgment. The September 19, 2013 Order which denied summary judgment does not discuss the merits of the motion in any way. This Court did not decide the summary judgment motion on the merits, inasmuch as the Court determined that it lacked jurisdiction. Now, upon the filing of the Second Amended Complaint and upon this Court's denial of the Defendants' motion to dismiss that complaint, and in particular Plaintiff's surviving claims for injunctive relief pursuant to 15 U.S.C. 1116(a) and 1125 (a) for unfair competition, and Plaintiff's claims for attorney's fees and costs of the action under 15 U.S.C. 1117(a), the Court should permit Plaintiff to renew its motion for summary judgment.

In the alternative, this Court should grant Plaintiff judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that Defendants have failed to answer the Second Amended Complaint and are in default.

Respectfully submitted,

Claudia G. Jaffe (CJ4544)

cc: Magistrate Judge Frank Maas (by electronic filing)
Will Shuman, Esq. (by electronic filing)