UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

ROMEO & JULIETTE LASER HAIR
REMOVAL, INC. d/b/a ROMEO &
JULIETTE HAIR REMOVAL,

                    Plaintiff,

        – against –

ASSARA I LLC *et al.*,

                  Defendants.

------------------------------------------------x

08 Civ. 0442 (TPG)

**OPINION**

In September, this court denied in part defendants' motion to dismiss the Second Amended Complaint. Plaintiff then wrote a letter to the court asking to renew portions of a motion for summary judgment it had filed in 2012, but which the court had denied without reaching the merits.

Background

This case involves rival hair-removal businesses. Plaintiff alleges that defendants engaged in a strategy to tarnish its reputation online by purchasing deceptive search-results through Google Inc. and posting fraudulent reviews to consumer websites.

There have been three complaints in this case. Plaintiff filed the original complaint ("Original Complaint") in 2008. In 2009, plaintiff filed an amended complaint ("First Amended Complaint") with thirteen counts alleging violations of state and federal law. Importantly, the First

Amended Complaint only sought two forms of relief: damages and attorneys' fees. It did not include any claim for injunctive relief. Plaintiff moved for summary judgment on its claims in 2012 (the "2012 Summary Judgment Motion"). Defendants filed opposition papers soon thereafter.

Defendants opposed 2012 Summary Judgment Motion. They also filed a motion to dismiss the First Amended Complaint for lack of subject matter jurisdiction. Defendants argued, *inter alia*, that in previous proceedings plaintiff had wholly abandoned its demand for damages. Defendants argued that a plaintiff could not invoke federal court jurisdiction merely to recover attorneys' fees, because disputes over attorneys' fees do not confer standing in a constitutional sense. Defs' Mem. L. Supp. Mot. Dismiss at 15–16. Thus, defendants argued that plaintiff lacked standing to proceed in federal court. Id. Defendants noted that plaintiff had not, in the First Amended Complaint, asserted any demand for injunctive relief. Id. at 16. It should be said that plaintiff, in a reply brief on the 2012 Summary Judgment Motion, stated "plaintiff is not seeking monetary damages for the defamatory statements at issue." Pls.' Reply Mem. L. Supp. Mot. Summary Judgment at 4.

The court held oral argument on the 2012 Summary Judgment Motion and the motion to dismiss on September 18, 2013. There was no court reporter present. However, a minute entry for the proceedings provided that: "The court grants defendants' motion to dismiss. Grants

plaintiff leave to amend the complaint. Plaintiff's motion for summary judgment is denied." Dkt. #163. The court also issued an order stating:

> At oral argument on September 18, 2013, plaintiff indicated that it now seeks injunctive relief, which was not sought in its amended complaint. In the event that injunctive relief is indeed sought, the complaint must be amended and the grounds for granting such relief must be set forth. The court grants defendants' motion to dismiss and grants plaintiff leave to amend the complaint. Plaintiff's motion for summary judgment is denied.

Order of Sept. 19, 2013.

In light of the court's grant of leave to amend the complaint, plaintiff filed a new complaint ("Second Amended Complaint") on October 1, 2013. The Second Amended Complaint included claims for damages, profits, costs, attorneys' fees, and injunctive relief. This time, defendants moved to dismiss the Second Amended Complaint for failure to state a claim. Among other things, defendants again argued that plaintiff had abandoned its claim for damages.

On September 23, 2014, this court granted defendants' motion to dismiss, but only in part. The court dismissed just three of the twelve counts. Opinion of Sept. 23, 2014 at 19. With regard to defendants' abandonment argument, the court held that that argument alleged facts outside of the Second Amended Complaint. The court speculated that even if plaintiff abandoned its claim for damages at a hearing in the past, that abandonment did not extend to attorneys' fees and costs, and that in any even plaintiff had sufficiently stated most of its claims. Id. at 16–19.

Thus, the majority of plaintiff's claims survived the motion to dismiss. On October 29, 2014, plaintiff wrote the court a letter asking to renew parts of the 2012 Summary Judgment Motion. Plaintiff stated:

> "We write to renew Plaintiff's December 20, 2012 motion for summary judgment . . . to the extent it seeks (i) injunctive relief pursuant to 15 U.S.C. 1116(a) and 1125(a) on its claims for unfair competition; and (ii) Plaintiff's attorney's fees and costs of the action under 15 U.S.C. 1117(a).

Letter of Oct. 29, 2014 at 1. Plaintiff based its request to renew the 2012 Summary Judgment on the grounds that the court did not decide that motion on the merits. In the alternative, plaintiff requested that this court grant it judgment on the pleadings because defendants have failed to answer the Second Amended Complaint. Id. at 1.

## Discussion

It is true that the court did not reach the merits in denying the 2012 Summary Judgment Motion. However, that circumstance is no longer of significance in view of subsequent events. There has been a Second Amended Complaint and a motion to dismiss that pleading. The court granted that motion in part, but most of the counts in the Second Amended Complaint survive. If plaintiff wishes to move for summary judgment as to the remaining claims in the Second Amended Complaint it may do so. But this should be in the form of a new motion and not a "renewal" of the 2012 Summary Judgment Motion.

If plaintiff desires to move for judgment on the pleadings, and if there are grounds for such a motion, then that motion can be made.

- 5 -

What has been requested in this regard in earlier correspondence does not constitute a proper motion.

## Conclusion

What has been stated above constitutes the court's ruling on the requests now before it.

SO ORDERED.

Dated: New York, New York
February 10, 2015

_____
Thomas P. Griesa
U.S. District Judge