LAW OFFICES
## BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
NINE EAST 45TH STREET
NINTH FLOOR
NEW YORK, NEW YORK 10017
www.bffmlaw.com

Claudia G. Jaffe
212-615-2230
cjaffe@bffmlaw.com

Telephone 212-615-2200
Facsimile 212-615-2215

June 2, 2015

BY ELECTRONIC FILING
Hon. Thomas P. Griesa
Daniel Patrick Moynihan Building
United States Courthouse
500 Pearl Street
Room 1630
New York, New York   10007

Re:  Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC, et al.
    1:08-cv-00442 (TPG)(FM)
    Our File No. 3589/05573

Dear Judge Griesa:

This firm represents plaintiff Romeo & Juliette Laser Hair Removal, Inc. ("Plaintiff"). We write in opposition[1] to the letter application (ecf doc. 200) filed yesterday evening, June 1, 2015, by defendant Will Shuman on his own behalf and on behalf of all his co-defendants (collectively, "Defendants").[2] The letter requests a further enlargement of Defendants' time to respond to Plaintiff's motion for summary judgment, dated and electronically filed April 6, 2015 (ecf doc. 182 et seq.), more than eight weeks ago.  Defendants' application should be denied as untimely and unwarranted. Moreover, the Court should deny the application because Defendants have failed to allege their failure to timely oppose the instant motion is the result of excusable neglect.

**Background of Plaintiff's Motion**

By motion made December 20, 2012 (ecf doc. 59), Plaintiff moved for summary judgment determining Defendants' liability, granting injunctive relief, and awarding Plaintiff's attorneys' fees and costs.  Defendants opposed that motion in opposition papers filed as ecf docs.

---

[1] Defendants' letter states "Defendants have reached out to plaintiff's counsel, but have not yet received notice of their consent or opposition to defendants' instant application." Defendants only "reached out" to my firm for the extension request on June 1, 2015, in an email sent at 4:38 p.m. Sixty-five minutes later, before the undersigned could get in touch with her client and the senior attorney from her firm, Defendants filed their letter application.
[2] In his letter Mr. Shuman neglects to tell the Court that he is not only the attorney for all defendants, but also one of the defendants in this action.

Hon. Thomas P. Griesa
June 2, 2015
Page 2

99-111. The Court failed to decide that motion on the merits. In an Order dated February 10, 2015 (ecf doc. 178) this Court granted Plaintiff leave to bring the instant motion for summary judgment.

**Defendants' Time to Respond To The**
**Motion Has Already Been Enlarged Twice.**

In his letter dated June 1, 2015 Mr. Shuman states this is Defendants' first request for an enlargement of their time to oppose Plaintiff's motion. That statement suggests Defendants request the first enlargement or extension of their time to oppose the motion.  In fact, Defendants have been granted two prior enlargements of time to oppose the instant motion.

In accordance with Local Rule 6.1 and Plaintiff's notice of motion filed April 6, 2015 (ecf doc. 182), Defendants had fourteen days from electronic filing of Plaintiff's motion, or until April 20, 2015, to file any opposing affidavits and answering memoranda. Defendants did not timely seek an extension of their time to oppose the motion.

After the time to oppose the motion had passed, Defendants first sought to extend the time for Defendants to file their opposition. On April 21, 2015, Mr. Shuman contacted the undersigned to request Defendants have until May 4, 2015 to oppose the motion. See ecf doc. 182-3 (Exhibit C to the May 4, 2015 letter of Claudia G. Jaffe). Plaintiff agreed to enlarge the time for Defendants to oppose the motion by one week, extending it from April 20, 2015 to April 27, 2015. That time should have been ample, as Defendants had already opposed Plaintiff's prior motion which sought substantially the same relief as the instant motion and presumably Defendants could have re-worked their prior opposition papers to oppose the present motion. Defendants failed to oppose Plaintiff's motion by the extended deadline of April 27, 2015.

On April 28, 2015, Mr. Shuman wrote the Court requesting a conference. The Court initially agreed to hold a conference with the parties and advised the parties the conference would take place May 5, 2015 at 4:00 p.m.

On May 4, 2015, at approximately 1:15 p.m., Plaintiff electronically filed the letter dated May 4, 2015 of Claudia G. Jaffe in opposition to Defendants' request for a conference. On May 5, 2015 the Court entered an Order cancelling the conference (ecf doc. 199). The Order states, in pertinent part:

> There is no need to call a conference in light of plaintiff's unequivocal statement abandoning any claim to damages. Given this information, defendants may file their opposition papers to plaintiff's motion for summary judgment. The deadline for defendants to oppose plaintiff's

motion for summary judgment is hereby <u>extended</u> until May 31, 2015. (emphasis supplied).

By the terms of the May 5, 2015 Order, the Court expressly "extended" the time for Defendants to oppose Plaintiff's motion "until May 31, 2015." That extension enlarged Defendants' time to oppose 41 days past the April 20, 2015 deadline, nearly six weeks beyond the date called for by Local Rule 6.1 and Plaintiff's notice of motion filed April 6, 2015. For Defendants to suggest the enlargement they seek would be the first enlargement given to them is therefore less than candid.

**Defendants' Present Request For An Enlargement Of Time
To Oppose Plaintiff's Motion Is Not Timely And Should Be Denied.**

Defendants' present application for an enlargement of time to oppose Plaintiff's motion is untimely. Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, an application to extend a party's time to perform an act should be made prior to the expiration of that party's time to act, unless the applicant demonstrates excusable neglect for failing to act in timely fashion. This Court's Order dated May 5, 2015 specified Defendants' deadline to oppose Plaintiff's motion was extended until May 31, 2015. If Defendants wished to extend that deadline further, they should have made their application on or before May 31, 2015. They failed to do so. Defendants waited until 27 days after entry of the May 5, 2015 Order to seek an extension. That Defendants have missed their third consecutive deadline to oppose Plaintiff's motion is inexcusable. Defendants have not argued their conduct is the result of excusable neglect.

Defendants might argue that under Fed. R. Civ. P. Rule 6(a) their time to serve opposing papers automatically carried over from May 31, 2015 to June 1, 2015, because May 31st was a Sunday and Rule 6(a) authorizes extending deadlines that expire on weekends or holidays. That argument lacks merit. Rule 6(a) only applies to situations where parties have to compute deadlines based on the passage of a fixed number of days or hours, and not to situations where a court has established a specific calendar date as the relevant deadline. <u>Violette v. P.A. Days, Inc.</u>, 427 F.3d 1015, 1017-1018 (6thCir. 2005); <u>Accord</u>, <u>Miller v. City of Ithaca</u>, 2012 WL 1589249 (N.D. New York, May 4, 2012 *2); <u>Sloan v. County Preferred Ins. Co.</u>, 2013 W 1405852 (D. Nev., April 4, 2013 *1). Because the Court's May 5, 2015 Order set a specific calendar date as the deadline for Defendants to oppose Plaintiff's motion, Rule 6(a) is not applicable. Defendants' papers were required to be filed before the May 31 deadline, notwithstanding that the deadline date fell on a Sunday.

Hon. Thomas P. Griesa
June 2, 2015
Page 4


       Wherefore, Defendants' letter application should be denied.  Plaintiff's motion should be deemed fully submitted, without opposition.

                              Respectfully submitted,


                              /s/ Claudia G. Jaffe
                              Claudia G. Jaffe (CJ4544)

Cc: Will Shuman Esq. (by ecf filing)