Will Shuman<br>
160 First Avenue<br>
Suite 5B<br>
New York, NY 10009<br>
<br>
March 10, 2016

Honorable Denise L. Cote<br>
United States District Judge<br>
United States Courthouse<br>
500 Pearl Street<br>
New York, New York 10007

      Re:    *Romeo & Juliette Laser Hair Removal v. Assara I LLC, et. al*
             <u>08 Civ. 442 (DLC)</u>

Dear Judge Cote,

      I represent defendants in the above-captioned action, and write in connection with plaintiff's latest Reply Memorandum in Support of Plaintiff's Motion For an Award of Attorneys' Fees and Costs ("Reply Memorandum") (ECF No. 288). For the reasons set forth below, plaintiff's Reply Memorandum should be stricken.

      Attempting to persuade the Court that its billing rates and timesheets are reasonable, Ms. Jaffe invites the Court to acknowledge her personal qualities: she claims to display "competence and professionalism," that she is "well-prepared and knowledgeable," and that she has a "thorough understanding of the relevant law." (Id at 20-21). One can't help but wonder with incredulity, as she makes these claims while simultaneously violating the Court's rules. The Court's rules and practices state, in relevant part:

> "**Memoranda of Law**. Unless <u>prior</u> permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to <u>10</u> pages."

      This rule is as straightforward as they come – a moving party is limited to a <u>ten</u> page reply brief, unless <u>prior</u> permission is granted. Ms. Jaffe violated this rule by filing a thirty-one (31) page reply memorandum, exceeding the allowed page limit by more than 300%. Put in context, Ms. Jaffe not only exceeded the ten (10) page limit (applicable to a reply brief), but exceeded the twenty-five (25) page limit (applicable to a movant's initial brief and to a brief in opposition thereto).[1]

---

[1] This is not the first example of Ms. Jaffe's unethical behavior. Four days after the undersigned filed defendants' opposition papers to plaintiff's instant motion for attorneys' fees, which were inadvertently submitted unsigned, the Court instructed the undersigned to refile those papers "with a proper signature," but making "no other changes." In its February 26, 2016 letter (ECF No. 278), plaintiff seized that opportunity to ask if it 'too' could be given five additional days to complete its reply papers (bringing its

There are likely three primary reasons Ms. Jaffe did this, all three of which are unethical, and intended in bad faith to prejudice defendants. First, Ms. Jaffe was likely looking to beef-up her initial brief in support of plaintiff's instant motion for attorneys' fees and thereby sandbag defendants with novel arguments and factual contentions against which defendants would have no opportunity to respond. Second, Ms. Jaffe was looking to further pad her already excessive timesheets with additional review and drafting time (to justify her monstrous legal bill), and then ask the Court to cost-shift the fees to the undersigned. Overbilling seems to be a part of Ms. Jaffe's DNA. In 2013, Magistrate Judge Maas noted that Ms. Jaffe's work product consists of writing that is copied "over and over" and is of a type "that could have been assigned to a paralegal." Applying a 75% reduction to her fee request, the Court concluded that "[i]t should not have taken an attorney […] anywhere near the more-than-sixty hours that were billed to complete three discovery letters . . . . Ms. Jaffe's claimed fees are egregiously high." (ECF No. 158 (emphasis added)). Third, rather than request permission to exceed the allowed page limit and risk getting denied, Ms. Jaffe strategically submitted the oversized memo, hoping that either the issue would go unnoticed by the Court, or that if noticed the Court would be forced to accept the submission as a fait accompli.

As irony will have it, the reply from Ms. Jaffe in opposition to the instant letter will, in all likelihood, be that the undersigned has, somehow, 'forced' her to violate the Court's rules, and that the undersigned should therefore be sanctioned and ordered to reimburse her attorneys fees.

Not unmindful of the foregoing, Ms. Jaffe now urges the Court to take notice that this is not her first rodeo – that she joined the Bar some years ago. But that fact has never been sufficient under the law, and Ms. Jaffe knows it. Courts justify the fees charged by an attorney "not in recognition of the date they joined the bar," but for the years of legal practice that resulted in work of superior quality. Domingo Medina v. Police Officer Donaldson, no. 10 civ. 5922 at 13 (VMS) (E.D.N.Y. 2015); Fastener Dimensions, Inc. v. Mass. Mut. Life Ins. Co., No. 12 civ. 8918 (DLC), 2014 WL 5455473 at 8 (S.D.N.Y. 2014) (noting the 'poor' quality of counsel's work in determining the proper lodestar amount); Perdue v. Kenny A., 559 U.S. 542, 553 (2010) ("[C]onsiderations concerning the quality of a prevailing party's counsel's representation normally reflected in the reasonable hourly rate.").

Ms. Jaffe should be sanctioned for submitting plaintiff's Reply Memorandum knowingly and materially in violation of the Court's rules, and plaintiff's Reply Memorandum should be stricken from the docket.

Sincerely,

Will Shuman

---

allotted time to nineteen days), without reminding the Court that the undersigned was not given those days to research, review, and edit.