```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
ROMEO & JULIETTE LASER HAIR REMOVAL,     :
INC. d/b/a ROMEO & JULIETTE HAIR         :
REMOVAL,                                 :       08cv0442(DLC)
                                         :
               Plaintiff,                :       MEMORANDUM OPINION
                                         :            & ORDER
          -v-                            :
                                         :
ASSARA I LLC, d/b/a ASSARA LASER         :
CENTER NYC, ASSARA LASER and MANHATTAN   :
LASER HAIR REMOVAL, JAY SHUMAN a/k/a     :
JEROME SHUMAN, WILL SHUMAN, DR. SAM      :
TAYER, and DAVID TAYER,                  :
                                         :
               Defendants.               :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On May 20, 2016, a Judgment was entered against defendants Will Shuman and Assara I LLC ("Assara") in the amount of $39,080.11.  The Judgment includes $6,945 in attorney's fees awarded by Magistrate Judge Frank Maas on July 2, 2013 in connection with a 2012 discovery dispute, Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC, No. 08cv442, 2013 WL 3322249 (S.D.N.Y. July 2, 2013) (the "July 2013 Order"), $30,000 in attorney's fees awarded by this Court on April 5, 2016, Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC, No. 08cv0442 (DLC), 2016 WL 1328936 (S.D.N.Y. Apr. 5, 2016), and prejudgment interest.  On May 20, the defendants filed a motion

to stay the monetary portions of the Judgment against them pending appeal.[1]

The defendants also raise an objection to the Judgment. The defendants claim that the $6,945 awarded is improper as they had timely objected to Judge Maas's July 2013 Order and have not received a ruling on their objections. In a documented dated July 16, 2013, the defendants did indeed make objections to July 2013 Order.[2] The plaintiff responded to the objections on July 31. On March 20, 2014, the plaintiffs filed a letter to Judge Maas requesting that judgment be entered against the defendants in the amount of $6,945 plus interest. The defendants responded on April 4, claiming that the district judge then presiding over this case had ruled that he had no jurisdiction to enter the July 2013 Order. There is no documentation of such a ruling. The plaintiff responded to the defendants' letter on April 9. On April 11, Judge Maas denied the plaintiff's request for a pretrial judgment.

This case was transferred to this Court on January 14, 2016. Since the transfer, both parties discussed Judge Maas's $6,945 fee award during the briefing of the plaintiff's February

---

[1] The defendants do not seek to stay the permanent injunction issued against them.

[2] The objections were not properly filed on the docket until July 23.

5, 2016 motion for attorney's fees.  No party raised the pendency of the defendants' objections to the July 2013 Order until now.

In determining whether to issue a stay of a judgment pending appeal, a court must consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

U.S. S.E.C. v. Citigroup Glob. Markets Inc., 673 F.3d 158, 162 (2d Cir. 2012) (citation omitted).  These factors operate as a "sliding scale" where "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors . . . [and] [t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay."  Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir. 2006) (citation omitted).  A stay is an "intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right."  Nken v. Holder, 556 U.S. 418, 427 (2009) (citation omitted); see also MaldonadoPadilla v. Holder, 651 F.3d 325, 327–28 (2d Cir. 2011) (quoting Nken, 556 U.S. at 427).

The defendants have not provided sufficient cause to stay the Judgment. There is no strong showing that the defendants will succeed on the merits of their appeal. They do not seek a stay of the injunction. Their claim that there is "a substantial question as to whether the injunctive relief . . . is an impermissible prior restraint on commercial speech" is newly raised. The remaining, brief argument they make regarding the injunction was rejected for the reasons explained in the Opinion of February 29, 2016. The defendants do not suggest any ground for a reversal of the award of $30,000, plus pre-judgment interest on that amount.

The defendants' principal argument for a reversal on the merits relates to the failure of the district judge presiding over this litigation in 2013 to address the objections to Judge Maas's award in 2013 of $6,945 in attorney's fees. As the Judgment has already been entered and an appeal filed, this Court lacks jurisdiction to provide a ruling on the defendants' objections to the July 2013 Order. Should such jurisdiction exist, this Court would deny the objections to Judge Maas's well-reasoned decision. The defendants argued that the fee award was unjust based on the plaintiff's improper conduct. This argument was addressed and properly rejected in the July 2013 Order, which noted that the defendants "failed to identify any 'culpable' or 'improper' conduct [by the plaintiff] that

4

would warrant disallowing Romeo an award of its reasonable fees." July 2013 Order, 2013 WL 3322249, at *4.  The defendants also argue that Judge Maas improperly considered certain categories of fees requested by the plaintiff.  None of the fees discussed are outside the type of attorney's fees normally considered by a judge when making an award for sanctionable conduct.  Finally, Judge Maas properly rejected the argument that the defendants' actions were "justified."  Id.

There being no strong showing of a likelihood of success on appeal, the remaining factors related to a stay may be briefly addressed.  Staying the Judgment will substantially injure the plaintiff, who has incurred significant costs over the course of this long litigation.  While the defendants claim that they will suffer financial hardship as a result of the Judgment, they present no evidence that they will be irreparably injured absent a stay.  Moreover, there is a strong public interest in enforcing judgments arising from meritorious unfair competition claims.

**CONCLUSION**

The May 20, 2016 motion to stay the May 20, 2016 Judgment pending appeal is denied.

SO ORDERED:

Dated: New York, New York
May 24, 2016

_____
DENISE COTE
United States District Judge